

**ManpowerGroup™**
**Public Sector**

6400 Arlington Boulevard, Third Floor, Falls Church, Virginia 22042  Tel. (703) 245-9400  Fax. (703) 245-9401
www.manpowergroup.com

## CERTIFICATE OF TRANSLATION

I, <u>Kathi Stock</u>, certify that I am competent to translate this document, and that the translation is true and accurate, to the best of my abilities.  All archival seals, stamps, and certifications have been translated here.

German Title: <u>Final Decision</u>

English Title:  <u>Final Decision-ENGL</u>

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the attached translation is true and correct.

Executed this <u> 28 </u> day of <u>   December   </u> 2021.


_____
Signature

**Federal Criminal Court**

**Tribunal pénal fédéral**

**Tribunale penale federale**

**Tribunal penal federal**



File number: RH.2021.3

**Decision of April 30, 2021**
**Appeals Chamber**

---

Personnel

Federal Criminal Judges
Roy Garré, Chairperson,
Miriam Forni and Cornelia Cova,
Court Clerk Stephan Ebneter

---

Parties

**A**., currently in custody with a view to extradition,
represented by attorneys Oliver Ciric, Dragan
Zeljic, and Darya Gasskov,

appellant,

**versus**

**FEDERAL OFFICE OF JUSTICE**, Extradition
Department,

appellee.

---

Subject

Extradition to the United States

Arrest warrant with a view to extradition (Art. 48 (2)
IMAG - Federal Act on International Mutual Assistance
in Criminal Matters)

**Facts:**

**A.**  In a letter dated March 20, 2021 (transmitted via email on the same day) the Office of International Affairs, Criminal Division, U.S. Department of Justice, requested that the Swiss authorities arrest Russian citizen A. (alias B.) for the purpose of extradition (act. 5.1, 5.2).

**B.**  In an email dated March 20, 2021 the Federal Office of Justice (hereinafter called "FOJ") requested supplementary information concerning the arrest request from the U.S. authorities (act. 5.3). In a letter dated March 21, 2021 (received via email on the same day) the U.S. authorities transmitted the supplementary information to the FOJ (acts. 5.4, 5.5).

**C.**  Based on the arrest request of the U.S. authorities the FOJ issued an arrest order for A. on March 21, 2021 (act. 5.6). Based on this arrest order A. was arrested on the same day and placed in provisional custody with a view to extradition. During his questioning on the same day, he explained that he objected to being extradited to the United States (act. 5.7).

**D.**  On March 23, 2021 the FOJ issued an arrest warrant with a view to extradition for A. (act. 5.8), which was delivered to attorney Oliver Ciric on March 24, 2021 (act. 5.13).

**E.**  With the appeal dated April 6, 2021 A., represented by attorney Oliver Ciric, attorney Dragan Zeljic, and attorney Darya Gasskov (no power of attorney was filed for attorney Philippe Neyroud, who also had signed), reached the Appeals Chamber of the Federal Criminal Court. Primarily he requests the repeal of the arrest warrant with a view to extradition dated March 23, 2021 and his immediate release, possibly subject to alternative measures (act. 1).

**F.**  In its response to the appeal dated April 14, 2021 the FOJ requests that the appeal be dismissed and the costs be borne by the appellant (act. 5).

**G.** In his appeal reply dated April 26, 2021 A. has the appeal maintained (within the deadline that was extended several times) (act. 8). The appeal reply is attached to this decision for the information of the FOJ.

The following legal considerations will refer to the deliberations of the parties and the submitted files to the extent this is necessary.

**The Appeals Chamber considers the following:**

1. As a rule, the language of the appealed decision is decisive in the appeals proceedings (ref. Art. 33a (2) APA, Federal Act on Administrative Procedure). In this case there is no reason for deviating from this rule, which is why this decision is made in the German language despite the fact that the appeal was in French.

2. The extradition process between Switzerland and the United States primarily is subject to the Bilateral Extradition Treaty of November 14, 1990 between Switzerland and the United States (AVUS; SR 0.353.933.6). To the extent this international treaty does not contain any final rule, Swiss law shall apply, in particular the Federal Act on International Mutual Assistance in Criminal Matters of March 20, 1981 (IMAC; SR 351) and the associated Regulation of February 24, 1982 (Regulation on International Mutual Assistance in Criminal Matters, IRSV; SR 351.11). The same applies according to the favorability principal in cases in which Swiss law has lower requirements with regard to extradition (Art. 23 AVUS; BGE (decisions of the Federal Supreme Court of Switzerland) 145 IV 294 E. 2.1 p. 297; 142 IV 250 E. 3; 140 IV 123 E. 2 p. 126). This shall be subject to the safeguarding of human rights (BGE 145 IV 294 E. 2.1 p. 297; TPF 2016 65 E. 1.2). In addition, the provisions of the Federal Act on Administrative Procedure of December 20, 1968 (Administrative Procedure Act, APA; SR 172.021) shall apply to appeal proceedings in connection with international mutual assistance matters (Art. 39 (2) (b) in conjunction with Art. 37 (2) (a) item 1 Federal Act on the Organization of Criminal Authorities of the Federal Government, StBOG), if there are no provisions to the contrary in the IMAC (ref. Art. 12 (1) IMAC).

- 4 -

**3.**

**3.1**   The defendant can file an appeal against the arrest warrant with a view to extradition of the FOJ with the Appeals Chamber of the Federal Criminal Court within ten days following the serving of the written arrest warrant. Art. 379 to 397 of the Code of Criminal Procedure (StPO) shall apply analogously (Art. 48 (2) IMAC).

**3.2**   The arrest warrant with a view to extradition dated March 23, 2021 was served on the legal representative of the appellant on March 24, 2021 (act. 5.13). The current appeal was submitted to the Swiss Postal Service on April 6, 2021, the Tuesday following Easter Monday. Therefore, the appeal was filed in a timely manner. The additional acceptance requirements therefore do not require any remarks. The appeal shall be accepted.

**4.**   As a rule, the defendant is in custody during the entire extradition proceedings (BGE 136 IV 20 E. 2.2 p. 23; 130 II 306 E. 2.2 p. 309). A repeal of the arrest warrant with a view to extradition as well as a release from custody are justified only in exceptional cases and under strict conditions, if the defendant probably will not elude extradition and will not jeopardize the criminal investigation (Art. 47 (1) (a) IMAC), if he can provide the so-called evidence of innocence based on an alibi and can prove without delay that he was not at the scene of the offense at the time when the offense was committed (Art. 47(1) (b) IMAC), if he is not fit for custody or if there are any other reasons which justify a less stringent measure (Art. 47 (2) IMAC), or if the extradition proves to be obviously inadmissible (Art. 51 (1) IMAC). This list is not final (BGE 130 II 306 E. 2.1; 117 IV 359 E. 2a p. 361; ref. for the entirety the decision of the Federal Criminal Court, among other things, RH.2021.1 dated January 18, 2021 E. 3).

**5.**

**5.1**   The appellant objects to a violation of his right to be heard. In summary he asserts that he had not been given the chance to review all files relevant for the custody with a view to extradition, including, but not limited to the documents concerning the correspondence between the Swiss and the U.S. authorities.

**5.2**   According to Art. 29 (2) BV (Federal Constitution of the Swiss Confederation) the parties have a right to be heard. This is of a formal nature, i.e., a violation of it as a rule results in an approval of the appeal and a repeal of the appealed decision notwithstanding the substantive merit of the appeal (BGE 144 I 11 E. 5.3 p. 17 with reference to 137 I 195 E. 2.2 p. 197; also ref.

- 5 -

TPF 2008 172 E. 2.3 p. 178). The right to be heard, which is anchored in Art. 29 (2) BV, in the area of international mutual assistance is substantiated in Art. 12 (1) IMAC in conjunction with Art. 29 et seq. APA as well as, as far as the extradition proceedings are concerned, in Art. 52 IMAC and Art. 17 IRSV which apply to proceedings before Federal authorities as well as to proceedings before cantonal authorities.

According to Art. 52 (1) IMAC the request and the documents supporting it shall be submitted to the defendant and to his legal adviser. When formally presenting the defendant with the arrest warrant with a view to extradition, the cantonal authority shall ascertain if the defendant is identical with the person mentioned in the request. It shall explain to him the conditions of extradition and of simplified extradition and advise him of the right to appeal, to appoint a legal adviser of his choice or to have a legal adviser officially appointed. The defendant shall be questioned briefly about his personal circumstances, and especially his nationality and relationship with the requesting country, and asked if and for what reasons he raises objections to the arrest warrant or his extradition. His legal adviser may assist in this hearing (Art. 52 (2) IMAC). The proceeding provisions in Art. 52 (1) to (2) IMAC shall apply analogously before the decision concerning custody with a view to extradition is made (FORSTER, Basler Kommentar, 2015, Art. 47 IMAC N. 1).

**5.3** The subject of the arrest warrant with a view to extradition dated March 23, 2021 – and of these appeal proceedings – is not the extradition per se, but rather the custody ordered for this purpose. The appellant was able to state his position prior to the issue of the arrest warrant with a view to extradition dated March 23, 2021 during his questioning on March 21, 2021 (act. 5.7). According to the minutes of the questioning, the appellant in particular was given the letter of the U.S. authorities dated March 20. and March 21, 2021 (both in English), the arrest order dated March 21, 2021 (in German), and a description of the extradition proceedings (in Russian). The right to be heard was not violated.

**5.4** In this point the appeal is without merit.

**6.**
**6.1** The appellant objects to the form and content of the request for mutual assistance as well as its supporting documents and specifically asserts a violation of Art. 28 IMAC and Art. 11

AVUS. In particular, he asserts that the request and its supporting documents were in English and not in German, French or Italian.

**6.2**   According to Art. 13 (1) AVUS each party to the treaty can request the provisional arrest of the defendant in urgent cases. A *request for provisional arrest or a request to extend it* shall be submitted either through diplomatic channels or exchanged directly between the Swiss Federal Department of Justice and Police and the Justice Department of the United States. The request must state (a) that a request for extradition will be submitted, (b) that an arrest warrant, an order having similar legal effect or a criminal judgement of conviction was issued, including the respective dates and the issuing authority, (c) the offense, the possible maximum sentence and the sentence still to be served, if any, (d) a short description of the facts including time/date of the offense and location of the offense and (e) information concerning the identity, nationality and the likely whereabouts of the defendant (Art. 13 (2) AVUS). Following receipt of the request the requested country initiates the required measures in order to ensure the arrest of the defendant. The requesting country shall be informed of the results of its request without delay (Art. 13 (3) AVUS). The provisional custody with a view to extradition shall be repealed if the administrative authority of the United States or the competent authorities of Switzerland do not receive the formal request for extradition and the supporting documents within 40 days following the arrest of the defendant. In exceptional cases this time period may be extended by 20 days on request (Art. 13 (4) AVUS). The repeal of the provisional custody with a view to extradition according to Art. 13 (4) AVUS does not exclude another arrest and extradition if the request for extradition and the supporting documents are submitted at a later point in time (Art. 13 (5) AVUS).

According to Art. 11 sentence 2 AVUS the United States' *request for extradition* and all supporting documents are written in one of the official languages of Switzerland or are translated into one of the official languages of Switzerland. The competent Swiss authorities will specify the official language in each individual case (Art. 11 sentence 3 AVUS).

**6.3**   The appellant must be advised that this arrest request dated March 20, 2021, supplemented on March 21 2021, meets the requirements of Art. 13 AVUS. It was issued by the U.S. Department of Justice and is addressed to the appellee. It includes an assurance that the U.S. authorities will submit a request for extradition, a reference to a valid arrest warrant of the United States District Court for the District of Massachusetts dated March 19, 2021, information about possible factual findings and penalties, a brief description of the facts

as well as information about the identity and the whereabouts and/or travel activity of the appellant. The extradition treaty does not have any requirements with regard to the written form and the language of the request within the meaning of Art. 13 AVUS. The appellant overlooks the fact that the arrest with a view to extradition can be ordered before the competent authorities of Switzerland receive the formal request for extradition and the supporting documents (ref. FORSTER, loc. cit., Art. 47 IMAC N. 1, Art. 50 IMAC N. 1). Art. 11 and 12 AVUS, which the appellant cites, concern the formal request for extradition and are not authoritative for this arrest request.

**6.4**   In this point, too, the appeal is without merit.


**7.**

**7.1**   In another point concerning the substance of the case the appellant asserts that the information about the travel plans of the appellant and his entry into Switzerland obtained by the U.S. Department of Justice were probably obtained with questionable and/or unlawful means. In addition, the photos of the appellant provided by the U.S. Department of Justice obviously had been obtained with unlawful means. The AVUS was being abused in an effort to apprehend the appellant because he was in the possession of secret information about Russia that was valuable for the requesting country. The offenses he was charged with, which he had never committed, only were a pretense. That was obvious, among other things, based on the vague description of the facts that left many questions unanswered. The appellant's related follow-up questions had not been answered.


**7.2**   The substantive legal requirements for a possible extradition must be reviewed during the extradition proceedings. The objections to the extradition of the appellant as such and/or to the merits of the extradition request as a rule are not to be heard during the arrest appeal proceedings (ref. BGE 111 Ib 147 E. 4 p. 149; 111 IV 108 E. 3a p. 110). Only the obvious inadmissibility of the extradition could provide a substantive legal reason for release from custody in this context (Art. 51 (1) IMAC; ref. BGE 111 IV 108 E. 3a p. 110). A request for extradition may be obviously inadmissible if there is a reason for exclusion without any doubt and without any further clarification (ref. BGE 111 IV 108 E. 3a).


**7.3**   References that would indicate that the extradition of the appellant would be obviously, i.e., without any doubt and without any further

clarification, inadmissible ensue neither from the pleadings of the appellant nor are they evident. The short descriptions of the facts provided by the U.S. authorities to date do not contain any obvious errors, gaps or contradictions. The requested Swiss authority does not have to address whether the facts mentioned in the request are true or not. It also does not have to address any questions as to fact or culpability and as a rule does not have to evaluate the evidence. The validity of foreign proceeding decisions as a rule are not reviewed either.

7.4   In response the appellant emphatically asserts that the request for extradition of the U.S. authorities obviously was politically motivated. The objection of a political offense will have to be decided as part of the actual extradition proceedings, if necessary, by the Appeals Chamber as the court of first instance (ref. Art. 55 (2) IMAC).

7.5   In this point, too, the appeal is without merit.

8.

8.1   The appellant pleads that he has no prior convictions and to date has not been wanted. He had cooperated with the cantonal authorities from the moment of his arrest. There were no indications that the appellant intended to elude Swiss authorities or the U.S. criminal proceedings of which he had not been aware. Alternative measures such as bail in the amount of 1,500,000.00 CHF, which amounted to approx. 100 % and/or a significant portion of his liquid assets and to 40 % of his total assets, surrendering his travel documents to the competent police authority, electronically monitored house arrest and instructions not to leave Switzerland, obviously could sufficiently address the flight risk.

8.2   To the extent the appellant denies the flight risk, it should be noted that federal jurisprudence negating flight risk is very restrictive and places extraordinarily large emphasis on meeting the extradition obligations in the international treaty as opposed to the interests of the defendant. The federal court usually affirms the flight risk in light of impending long prison sentences even in cases in which the party concerned has a residence permit and family in Switzerland (BGE 136 IV 20 E. 2.3; judgement of the Federal Court 8G.45/2001 dated August 15, 2001 E. 3a). In case of an extradition

to and sentencing in the United States, the appellant must expect a prison term of several years. He neither asserts that he has (close) ties to Switzerland nor are any such ties obvious. The appellant readily presents a considerable flight risk.

8.3  In order to avert the flight risk sufficiently, alternative measures for the arrest with a view to extradition, such as the surrender of travel documents, identity papers, requirement to report to a public office and electronic monitoring, according to consistent jurisprudence and in light of how easy it is to flee abroad are only considered suitable in combination with the payment of a substantial bail amount (decisions of the Federal Criminal Court RH.2020.10 of September 23, 2020 E. 4.2; RH.2020.9 of September 11, 2020 E. 5.2; RH.2020.5 of August 12, 2020 E. 6.4; each with further information). The bail in the amount of 1,500,000.00 CHF offered by the appellant according to his information would only correspond to a little more than one annual income of the appellant. It is not to be considered substantial. In addition, it is not possible to reliably ascertain the financial capacity of the appellant since he resides abroad and does not disclose his assets in a transparent and verifiable manner. For these reasons alone all alternative measures suggested by the appellant cannot be taken into consideration.

8.4  In this point, too, the appeal is without merit.

9.  Following these deliberations, the appellant does not assert any sound reasons why the ordered custody with a view to extradition would prove to be inadmissible or excessive. No such reasons can be found in the files either. Thus, the appeal must be dismissed.

10.  Due to this outcome of the proceedings the court costs must be borne by the appellant (ref. Art. 63 (1) APA). The court fees are to be set at 2,000.00 CHF (ref. Art. 63 (5) APA and Art. 73 StBOG (Criminal Authorities Organization Act) as well as Art. 5 and 8 (3) (a) of the Regulations of the Federal Criminal Court of August 31, 2010 Concerning Costs, Fees and Reimbursements in Federal Criminal Proceedings [BStKR; SR 173.713.162]).

**Therefore, the Appeals Chamber finds:**

1.  The appeal is dismissed.

2.  The court fees in the amount of 2,000.00 CHF shall be borne by the appellant.


Bellinzona, April 30, 2021

On behalf of the Appeals Chamber
of the Federal Criminal Court

The President:                                                    The Court Clerk:

**Service to**

-   Attorneys Oliver Ciric, Dragan Zeljic, and Darya Gasskov
-   Federal Office of Justice, Extradition Department

**Instructions on Rights**

An appeal can be filed against independently presented preliminary and interlocutory decisions concerning competence and requests for recusal (Art. 92 (1) BGG (Federal Court Act). These decisions cannot be contested at a later time (Art. 92 (2) BGG).

In the area of international mutual assistance in criminal matters other independently presented preliminary and interlocutory decisions cannot be contested. Exceptions are appeals against decisions concerning custody with a view to extradition as well as seizure of assets and valuables, provided they could lead to an irreparable disadvantage or if the approval of the appeal immediately leads to a decision and thus would save a significant expenditure of time and costs in connection with a comprehensive procedure of taking evidence (ref. Art. 93 (1) and (2) BGG). If an appeal against a preliminary and interlocutory decision is not admissible according to Art. 93 (1) and (2) BGG or if no appeal was filed, the respective preliminary and interlocutory decisions can be contested based on an appeal against the final decision, provided they affect its content (Art. 93 (3) BGG).

An appeal against a decision in the area of international mutual assistance in criminal matters is admissible only, if it is an especially important case (ref. Art. 84 (1) BGG). An especially important case exists in particular, if there are reasons to assume that elementary procedural principals were violated or the proceedings abroad exhibit serious defects (Art. 84 (2) BGG).

The appeal must be filed with the Federal Court within ten days following the presentation of the complete copy (ref. Art. 100 (1) and (2) (b) BGG).