```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```
_____
UNITED STATES OF AMERICA,        )
                                 )
v.                               )   Criminal Action
                                 )   No. 21-10104-PBS
VLADISLAV KLYUSHIN,              )
                    Defendant    )
_____)

                       **ORDER OF DETENTION**

                           May 12, 2022

Saris, D.J.

    Defendant has been charged with conspiracy to obtain unauthorized access to computer networks and to commit wire fraud and securities fraud. The Magistrate Judge ordered him detained and issued an opinion. After hearing, and de novo review of the record, I find that the government has met its burden of proving that no condition or combination of conditions of release will reasonably assure the attendance of the defendant at trial. 18 U.S.C. § 3142(e)(1).

    There can be no dispute that defendant is a significant flight risk. He is a citizen of Russia, has no ties to the United States, fought extradition from Switzerland, and has a wife and children who reside in Russia where there are no extradition rights. While his net worth is unverified and unclear, defendant purchased a multi-million-dollar yacht and

has real estate in Russia and London.  Significantly he has ties to high-level Russian intelligence officials.

One key factor the court must consider is the weight of the evidence.  The government proffers that it has forensic evidence linking defendant's company M-13 to the hacking, financial data demonstrating defendant's insider trading in companies like Tesla, and various "chats" with alleged co-conspirators like Ivan Ermakov.  Defense counsel vigorously contests these charges, pointing out that there is no evidence directly linking defendant to the hacking in an insider trading conspiracy.  He also contests the amount of the alleged gain of $82.5 million.  While the government has a high burden of proof, and the evidence is disputed, if convicted, defendant faces a multi-year prison sentence even under his view of the correct guideline range.

In these circumstances, I find that even a $2.5 million bond, with $1 million deposited in cash, an electronic bracelet, and home confinement with camera surveillance will not reasonably assure the defendant's appearance as required.  Accordingly, the Court orders defendant detained.

SO ORDERED.

/s/ Patti B. Saris
Hon. Patti B. Saris
United States District Judge