UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 21-cr-10104-PBS |
| VLADISLAV KLYUSHIN<br>Defendant | ) ) ) ) | |

**DEFENDANT VLADISLAV KLYUSHIN'S MOTION TO CONTINUE TRIAL**

Now comes the Defendant, Vladislav Klyushin, by and through undersigned counsel, pursuant to the Fifth and Sixth Amendments, and hereby respectfully moves this Honorable Court for a continuance of trial in this matter to January 30, 2023 (or as soon thereafter in February 2023 as is convenient to the Court) and further requests this Honorable Court to issue a Pretrial Scheduling Order consistent with the new trial date, *see* Dkt. 72.  As detailed *infra*, a continuance is necessary to permit Mr. Klyushin additional time to prepare for trial, including his continued review of more than 2.3 million records produced in discovery, and to fully litigate motions to dismiss and suppress currently due September 13, 2022. The translator scheduled for trial, Alex Tetradze, reported to the undersigned that he is available in January and February of 2023 if this Honorable Court reschedules the trial. The government takes no position on this request, *see infra*.

On December 19, 2021, Mr. Klyushin was extradited to the United States on the four count Indictment alleging conspiracy to obtain unauthorized access to computer networks and to commit wire fraud and securities fraud, substantive wire fraud, unauthorized access to a computer, and securities fraud. Dkt. 8.  Mr. Klyushin has been held without bail since his arrival to the United States. During the May 9, 2022, Bail Appeal hearing, this Honorable Court,

1

recognizing Mr. Klyushin's Sixth Amendment right and the hardships of pretrial incarceration, scheduled an expedited trial for October 11, 2022 in order to minimize any period of pretrial detention.[1] The defense is grateful that this Honorable Court expedited the initial trial date and is mindful of the adverse impact a continuance can have on the Court's calendar and does not make this request lightly or without regard for that inconvenience.  The defendant respectfully submits, however, that a continuance is necessary to provide Mr. Klyushin a fair trial in connection with this complicated, discovery-intensive matter. Based on most recent time estimates, including the government's estimate that its case-in-chief will last approximately one week, a trial of this matter will not take more than two weeks to complete.

Discovery in this case has been extensive and voluminous. On February 2, 2022, the government made its initial discovery production, which consisted of more than five (5) terabytes (or 5,000 gigabytes) of discovery that contained in excess of 1 million individual files in the form it obtained them during the investigation from electronic communication services. The government subsequently hired a vendor to process that information into a searchable database to make discovery and trial preparation easier for both the government and the defense. On June 3, 2022, the government supplemented its discovery with a Bates-stamped, searchable production of the previously produced materials that the defense has successfully uploaded to a discovery review platform and has been using to review the discovery in this case. The searchable production contained 1.4 million documents totaling 2.6 million pages.  The government has continued to supplement the searchable production as records processed by the

---

[1] Indeed, the median time from filing to disposition in criminal cases in this district was over 18 months for the 12-month period preceding December 31, 2021. *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2021.pdf

2

vendor have become available to it, but the defendant needs additional time to review these records.

In all, the government has produced more than 2.3 million documents in discovery. Some of these documents are not yet available for counsel to review and integrate into a defense. While the defense has already reviewed a substantial portion of the discovery, the undersigned need additional time to upload the new productions and conclude their review, a massive undertaking less than one-and-a half months prior to trial.  The ability to review all the discovery materials and integrate relevant and material evidence into the defense is essential to Mr. Klyushin's receiving a fundamentally fair trial and effective assistance of counsel.  *See Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Additionally, on September 13, 2022, the defense is scheduled to file motions seeking to (1) suppress fruits of the search and seizure of Mr. Klyushin's iCloud and Gmail accounts and will request a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and (2) partially dismiss the indictment, including the Count Four insider trading charge, which is predicated on a novel theory that, to counsel's knowledge, has not been recognized by the Supreme Court, First Circuit or this District. Additional time prior to trial will allow the parties to fully litigate these motions.

For all the foregoing reasons, Mr. Klyushin respectfully requests an order continuing trial in this matter.

## **COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

Counsel for the government has indicated that it would be prepared for trial on October 11, 2022.  The government takes no position on the defense request for a continuance, provided that the trial is scheduled for January 30, 2023 (or as soon in February 2023 as is convenient for the Court).  The assigned prosecutors currently have other complex matters that require extensive

3

preparation set for trial in December 2022 (AUSA Frank) and May 2023 (AUSAs Frank and Kosto) that were scheduled in reliance on the October 2022 trial date. Accordingly, if the trial is rescheduled for a date other than late January or early February, government counsel will not be available again until the summer of 2023.

                                                                                          Respectfully Submitted,
Vladislav Klyushin,
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

**/s/ Marc Fernich**
Marc Fernich
Law Office of Marc Fernich
800 Third Avenue
Floor 20
New York, NY 10022
212-446-2346
Email: maf@fernichlaw.com

Dated: September 2, 2022

4

**CERTIFICATE OF SERVICE**

I, Maksim Nemtsev, hereby certify that on this date, September 2, 2022, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.