UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )        Criminal No. 21-10104-PBS
                                    )
VLADISLAV KLYUSHIN,                 )
    a/k/a "Vladislav Kliushin"      )
IVAN ERMAKOV,                       )
    a/k/a "Ivan Yermakov", and      )
NIKOLAI RUMIANTCEV,                 )
    a/k/a "Nikolay Rumyantcev"      )
                                    )
        Defendants.                 )
_____)

## PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

        Pursuant to Fed. R. Crim. P. 30, the United States hereby requests that the Court give the

following jury instructions, in addition to the Court's customary instructions common to all

criminal cases.  The United States reserves the right to supplement, modify, or withdraw these

requested instructions in light of the requests, if any, filed by the defendant and the evidence in

the case.


                                    Respectfully submitted,

                                    RACHAEL S. ROLLINS
                                    United States Attorney

                            By: /s/ Stephen E. Frank
                                    STEPHEN E. FRANK
                                    SETH B. KOSTO
                                    Assistant U.S. Attorneys


Dated: January 16, 2023

## <u>CERTIFICATE OF SERVICE</u>

I, Seth B. Kosto, hereby certify that on January 16, 2023, I served a copy of the foregoing by electronic filing on counsel for the defendant via the Court's ECF system.

_/s/ Seth B. Kosto_
SETH B. KOSTO
Assistant United States Attorney

January 16, 2023

**TABLE OF CONTENTS**

**PROPOSED JURY INSTRUCTION**                                                **PAGE**

1. DUTY OF JURY TO FIND FACTS AND FOLLOW LAW.......................................... 4

2. DEFINITION OF KNOWINGLY .................................................................. 5

3. WILLFUL BLINDNESS..................................................................................... 6

4. CONSPIRACY ................................................................................................ 7

5. COUNT TWO -- WIRE FRAUD ........................................................................ 11

6. AIDING AND ABETTING................................................................................. 14

7. COUNT THREE – UNAUTHORIZED ACCESS TO COMPUTERS..................................... 15

8. COUNT FOUR -- SECURITIES FRAUD – DEFINED ........................................... 17

9. SECURITIES FRAUD – ELEMENTS OF THE OFFENSE ..................................... 18

10. SECURITIES FRAUD – FIRST ELEMENT: IN CONNECTION WITH PURCHASE OR
    SALE OF SECURITIES........................................................................................ 19

11. SECURITIES FRAUD – SECOND ELEMENT: FRAUDULENT CONDUCT ................. 20

12. SECURITIES FRAUD – THIRD ELEMENT: KNOWLEDGE, INTENT, WILLFULNESS
    ................................................................................................................... 23

13. SECURITIES FRAUD – FOURTH ELEMENT: INSTRUMENTALITY OF INTERSTATE
    COMMERCE OR FACILITY OF NATIONAL SECURITIES EXCHANGE .................... 26

14. VENUE ........................................................................................................ 28

15. TRANSCRIPTS OF RECORDED CONVERSATIONS...................................... 30

16. STIPULATIONS ............................................................................................ 31

**PROPOSED JURY INSTRUCTION NO. 1**

**DUTY OF JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return — that is a matter entirely for you to decide.

See Chief District Judge Nancy Torresen's 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (hereinafter "Pattern Crim. Jury Instr. 1st Cir.") 1.01.

**PROPOSED JURY INSTRUCTION NO. 2**

**DEFINITION OF KNOWINGLY**

You will hear the term "knowingly" from time to time as I instruct you regarding the

crimes charged in the Indictment.  That term means that an act was done voluntarily and

intentionally and not because of mistake or accident.

Adapted from Pattern Jury Instructions for the First Circuit, Criminal Cases, Instruction No. 2.14
(2003) ("Pattern Jury Instructions"), available at
http://www.mad.uscourts.gov/resources/pattern2003/helpframeset.html.

## PROPOSED JURY INSTRUCTION NO. 3

## WILLFUL BLINDNESS

In deciding whether the defendant acted knowingly, you may infer that the defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him.

In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact in question. Second, that the defendant consciously and deliberately avoided learning that fact. That is to say, that the defendant willfully made himself or herself blind to that fact. It is entirely up to you to determine whether any of the defendants deliberately closed his or her eyes to that fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

Pattern Jury Instructions, Instruction No. 2.15. "A willful blindness instruction is justified when the defendant claims to lack guilty knowledge, yet the evidence, taken in the light most favorable to the government, suffices to support an inference that he deliberately shut his eyes to the true facts." United States v. Singh, 222 F.3d 6, 11 (1st Cir. 2000) (citing United States v. Gabriele, 63 F.3d 61, 66 (1st Cir. 1995)). The instruction is warranted even where the defendant does not testify but invokes such a defense through defense counsel's argument and cross examination. See id.

## PROPOSED JURY INSTRUCTION NO. 4

## CONSPIRACY

Count One charges Vladislav Klyushin with conspiring with Ivan Ermakov, Nikolai Rumiantcev, and others to commit federal crimes—specifically, the crimes of unauthorized access to computers with the intent to defraud, wire fraud, and securities fraud. It is against federal law to conspire with someone to commit these crimes.

The government does not have to prove that the defendant agreed to commit all three of these crimes in order for you to find him guilty of the conspiracy charge. The government must, however, prove that the defendant agreed to commit at least one of the three crimes and you must unanimously agree on which one. You cannot find the defendant guilty of conspiracy unless you unanimously agree that the same federal crime or crimes was the object of the conspiracy.

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

<u>First</u>, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to commit unauthorized access to computers with the intent to defraud, wire fraud, or securities fraud;

<u>Second</u>, that the defendant willfully joined in that agreement; and

<u>Third</u>, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. It is not necessary to show that the participants directly by spoken or written words stated among themselves exactly what their object or purpose was or exactly what the details of the

scheme were or exactly what means they would adopt to achieve their goals. A conspiracy is by its very nature usually secret in its origin and in its execution. Because of the secretive nature of the crime of conspiracy, the agreement between two or more people may be express or tacit. It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law.

Because a conspiracy by its very nature is often secret, neither the existence of the agreement nor the fact of the defendant's participation in it must be proved by direct evidence but may be proved by circumstantial evidence.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crimes unauthorized access to computers, wire fraud, or securities fraud be committed – that is to say, with bad purpose, either to disobey or disregard the law – not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendants can be said to have willfully joined the conspiracy:  an intent to agree and an intent, whether reasonable or not, that the underlying crimes be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that the defendant agreed specifically to or

knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy. The overt act need not be illegal.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime. A conspiracy is an agreement or combination of two or more persons to violate the law. It is a kind of partnership in crime in which each member of the conspiracy, just by being a member of the conspiracy, becomes an agent of every other member of the conspiracy. What this means is that each conspirator not only acts for himself, but also acts for the other conspirators. The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve the unlawful purpose.

Adapted from Pattern Jury Instructions, Instruction No. 4.18.371; see also United States v. Flaherty, 668 F.2d 566, 580 n.4 (1st Cir. 1981) (overt act need not have been illegal); United States v. Piper, 35 F.3d 611, 614-15 (1st Cir. 1994) (defendant need not have intended to commit

the underlying offenses himself); <u>United States v. Alzanki</u>, 54 F.3d 994, 1003 (1st Cir. 1995) (a second co-conspirator with criminal intent must have existed).

## PROPOSED JURY INSTRUCTION NO. 5

## COUNT TWO -- WIRE FRAUD

Counts Two of the Indictment charges Vladislav Klyushin with wire fraud.

For you to find the defendant guilty of wire fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, a scheme, substantially as charged in the Indictment, to defraud or to obtain money or property by means of materially false or fraudulent pretenses;

Second, the defendant's knowing and willful participation in this scheme with the intent to defraud; and

Third, the use of wire communications in interstate or foreign commerce, on or about the date alleged, in furtherance of this scheme.

Wire communications in interstate or foreign commerce include telephone communications, emails, Internet-based communications from one state to another, or between the United States and another country.

A scheme includes any plan, pattern or course of action.

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme or that the material transmitted by wire was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to

bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.

The term "money or property" includes confidential business information.[1]

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

The deception need not be premised upon spoken or written words alone. If there is intentional deception, the manner in which it is accomplished does not matter. Fraudulent behavior encompasses more than the communication of false statements, and includes deceptive representations.[2] If you find that the scheme involved the defendant or another misrepresenting their identity online to defraud or obtain money or property, then you may find that conduct is fraudulent within the meaning of the wire fraud statute.

---

[1] Carpenter v. United States, 484 U.S. 19, 25, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987) (holding that "the intangible nature of [confidential business information] does not make it any less 'property' protected by the mail and wire fraud statutes")....

[2] The First Circuit has held that "no misrepresentation of fact is required in order to establish a scheme to defraud" so long as the scheme was "intended to *deceive* another, by means of false or fraudulent pretenses, representations, promises, or other **deceptive conduct**." McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc., 904 F.2d 786, 791 (1st Cir. 1990) (emphasis in original); see also Rodriguez-O'Ferral v. Trebol Motors Corp., 998 F.2d 1001, 1993 WL 261993, at *3 (1st Cir. July 9, 1993) (internal marks and citations omitted) ("various types of 'deceptive conduct' other than affirmative misrepresentations may amount to a 'scheme to defraud'" under the wire fraud statute); United States v. Woods, 335 F.3d 993, 997 (9th Cir. 2003) (specific misrepresentations not required to prove scheme to defraud).

To satisfy its burden of proof that a fact or matter is "material," the government is not required to show that the fact or matter in fact influenced or deceived the decision maker to whom it was addressed.  Rather, a fact or matter is "material" if it has a natural tendency to influence or is capable of influencing the decision maker to whom it is addressed.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or to bring about some financial gain to oneself.  Thus, if the defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.


Adapted from Pattern Instruction No. 4.18.1343.

**PROPOSED JURY INSTRUCTION NO. 6**

**AIDING AND ABETTING**

To aid and abet means intentionally to help someone else commit a crime. To establish

aiding and abetting, the government must prove beyond a reasonable doubt:

(1)     that someone else committed the charged crime; and

(2)     that the defendant willfully participated in it as he would in
something he wished to bring about.

This means that the government must prove that the defendant consciously shared the

other person's knowledge of the underlying criminal act, intended to help him, and willfully took

part in the endeavor, seeking to make it succeed.  The defendant need not perform the underlying

criminal act, be present when it is performed, or be aware of the details of its execution to be

guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that

something criminal is happening is not enough.  Mere presence at the scene of a crime and

knowledge that a crime is being committed are also not sufficient to establish aiding and

abetting.

Adapted from <u>Pattern Jury Instructions</u>, Instruction No. 4.18.02.

**PROPOSED JURY INSTRUCTION NO. 7**

**COUNT THREE – UNAUTHORIZED ACCESS TO COMPUTERS**

The defendant is charged in Count Three of the indictment with computer fraud in violation of Section 1030(a)(4) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant—or someone he aided and abetted—knowingly accessed without authorization a computer used in or affecting interstate or foreign commerce or communication;

Second, the defendant did so—or aided and abetted another's doing so—with the intent to defraud;

Third, by accessing the computer without authorization, the defendant—or someone he aided and abetted—furthered the intended fraud; and

Fourth, the defendant—or someone he aided and abetted—by accessing the computer without authorization obtained anything of value.

A person uses a computer 'without authorization' under §§ 1030(a)(4) when the person accesses a computer without any permission at all.  The "without authorization" language protects computers by targeting so-called "outside hackers".

To act with an "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or to bring about some financial gain to oneself.  You may consider any statement made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid you in determination of the defendant's knowledge or intent. You may infer, but you are certainly not

required to infer, that a person intends the natural and probable consequences of his acts

knowingly done or knowingly admitted.

*United States v. Van Buren*, 593 U.S. ___ (2021) (adopting view that the "without authorization" clause protects computers themselves by targeting so-called outside hackers— those who "acces[s] a computer without any permission at all"); *United States v. Stepanets*, 989 F.3d 88, 114 (1st Cir. 2021) (intent to defraud).

## PROPOSED JURY INSTRUCTION NO. 8

## COUNT FOUR -- SECURITIES FRAUD – DEFINED

Count Four of the Indictment charges the defendant with securities fraud.  Section 78j(b)

of Title 15 of the United States Code says, in part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange . . .

> **(b)** To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Section 240.10b-5 of Title 17 of the Code of Federal Regulations, which is a regulation

adopted by the Securities and Exchange Commission also says, in part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

> **(a)** To employ any device, scheme, or artifice to defraud,

> **(b)** To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

> **(c)** To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Discussion of statute and rule adapted from 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5.

## PROPOSED JURY INSTRUCTION NO. 9

## SECURITIES FRAUD – ELEMENTS OF THE OFFENSE

In order to find the defendant guilty of securities fraud, you must find that the government has proven each of the following elements beyond a reasonable doubt:

*First*,        that in connection with the purchase or sale of one of the securities specified in Count Four

*Second,*      the defendant employed any manipulative or deceptive device or contrivance, any "device, scheme or artifice to defraud," or engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of the specified security;

*Third*,       that the defendant acted willfully, knowingly and with the intent to defraud; and

*Fourth*       that the defendant used, or caused to be used, any means or instruments of transportation or communication in interstate commerce, or used the mails, or any facility of any national securities exchange, in furtherance of the fraudulent conduct.

Adapted from Sand et al., Modern Federal Jury Instructions – Criminal, No. 57-20 (2015).

**PROPOSED JURY INSTRUCTION NO. 10**

**SECURITIES FRAUD – FIRST ELEMENT: IN CONNECTION WITH PURCHASE OR SALE OF SECURITIES**

The first element of this offense requires the government to prove beyond a reasonable doubt that the alleged "device, scheme or artifice to defraud" be "in connection with the purchase or sale of a security."  This requirement is satisfied if you find that the defendant committed fraud in connection with trading in stocks, stock options, or contracts for difference (CFDs).[3]

Fraudulent conduct may be "in connection with the purchase or sale" of a security if you find that the alleged fraudulent conduct in some way "touched upon" a securities transaction.[4]

Adapted from O'Malley et al., Federal Jury Practice and Instructions, No. 62:11 (6th ed. 2008).

---

[3] SEC v. Sabrdaran, 252 F. Supp. 3d 866, 888 (N.D. Cal. 2017) ("courts have held that contracts for difference are securities within the meaning of Section 10(b) and Rule 10b–5"); SEC v. Compania Internacional Financiera S.A., No. 11 CIV 4904 DLC (S.D.N.Y. July 29, 2011) (CFDs "constitute securities as defined by the federal securities laws") (citing Freudenberg v. E*Trade Financial Corp., No. 07 Civ. 8538(RWS), 2008 WL 2876373, at *6 (S.D.N.Y. July 16, 2008) ("a CFD is a 'security' as that term is broadly defined in the Securities Exchange Act of 1934")).

[4] Indeed, "[t]he Supreme Court has repeatedly held that Rule 10b-5's requirement that a fraud be 'in connection with' the purchase or sale of a security is easily satisfied."  United States v. Nouri, 711 F.3d 129, 143 (2d Cir. 2013) (citations omitted).  In various contexts, the Court has suggested that for this element to be met, "it is enough that the fraud alleged 'coincide' with a securities transaction . . . ." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 85 (2006) (citing United States v. O'Hagan, 521 U.S. 642, 651 (1997)).

**PROPOSED JURY INSTRUCTION NO. 11**

**SECURITIES FRAUD – SECOND ELEMENT: FRAUDULENT CONDUCT**

The second element of the securities fraud offense that the government must establish beyond a reasonable doubt is that in connection with the purchase or sale of securities, the defendant did <u>any</u> one or more of the following:

(1)     Employed a device, scheme or artifice to defraud; <u>or</u>

(2)     Made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, <u>or</u>;

(3)     Engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the government to establish all three types of unlawful conduct. Any one is sufficient for a conviction, if you so find, but you must be unanimous as to which type of conduct the defendant engaged in.

A "device, scheme, or artifice to defraud" means the forming of some invention, plan or design to trick or to deceive in order to obtain money or something of value. The words "fraud" or "defrauding" mean to trick, deceive, injure, or damage in some way. Fraud is a general term embracing all efforts and methods people use to take advantage of others. If you find that the scheme involved the defendant or another misrepresenting their identity online to access confidential information, then you may find that conduct is a "deceptive device or contrivance" or a "device, scheme or artifice to defraud" within the meaning of the securities fraud statute.

A statement, claim or document is "fraudulent" if it was false when it was made, or if it was made with reckless indifference as to its truth or falsity, and made or caused to be made with an intent to deceive. A deceitful statement of half-truths or the concealment of material facts

may also constitute fraud under the statute, if such omission or concealment was intended to be misleading.

The government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted.

If you find that the government has established beyond a reasonable doubt that a statement was false or a fact fraudulently omitted, you must next determine whether the fact misstated was material under the circumstances. A material fact is one that would have been significant to a reasonable person's investment decision.

A misstated or omitted fact is material if there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by a reasonable person as having significantly altered the "total mix" of information made available. Once you find that there was a material misrepresentation or omission of a material fact, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the law protects the gullible and unsophisticated as well as the experienced investor.

It does not matter whether the alleged unlawful conduct was successful or not, or whether a defendant profited or received any benefits as a result of the alleged scheme. Similarly, the government is not required to prove that the victim or victims of the fraud were actually defrauded. It is enough to prove that the defendant engaged in such a scheme to defraud.

Success or a benefit is not an element of the crime charged. However, if you find that a defendant did expect to benefit from the alleged scheme, you may consider that in relation to the third element, intent, which I will discuss in a moment.

Adapted from Sand et al., <u>Modern Federal Jury Instructions – Criminal</u>, No. 57-21 (2015)*; United States v. Khalupsky*, 5 F.4th 279, 291 (2d Cir. 2021), *cert. denied sub. nom, Korchevsky v. United States*, 142 S. Ct. 761 (Jan. 10, 2022); *United States v. Klyushin*, 2022 WL 17983984 (D. Mass. Dec. 2. 2022) (denying motion to dismiss).

PROPOSED JURY INSTRUCTION NO. 12

**SECURITIES FRAUD – THIRD ELEMENT: KNOWLEDGE, INTENT, WILLFULNESS**

Everything I have been telling you thus far about Count Four relates to the first and second elements of the crime of securities fraud, that is, the existence of a fraudulent scheme in connection with the purchase or sale of a security.

The third element of the crime charged in Count Four that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud, knowingly, willfully, and with intent to defraud.

As I have previously noted, an act is done "knowingly" if it is done purposefully and deliberately and not because of mistake, accident, mere negligence or some other innocent reason, and a person acts "willfully" if he acts deliberately and with the intent to do something wrongful, that is, with a bad purpose to disobey and disregard the law. The defendant need not have known that he was breaking any particular law or any particular rule. The defendant need only to have been aware of the generally unlawful nature of his acts.

And, as I have noted, tor the defendant to have acted with the specific intent to defraud means that he must have known of the fraudulent nature of the scheme and acted with the intent that it succeeded. In other words, to act with an intent to defraud means to act knowingly and with a specific intent to deceive, ordinarily—but not necessarily—for the purpose of causing some loss to another or to bring some gain to oneself.

The government is <u>not</u> required to show that the defendant, in addition to knowing what he was doing and deliberately doing it, also knew that he was violating some particular federal statute. However, he must have acted with the intent to help carry out some essential step in the execution of the scheme to defraud that is alleged in the Indictment.

The question of the defendant's intent is a question of fact that you are called upon to decide, just as you determine any other fact at issue.  Intent to defraud involves the state of a person's mind and the purpose with which he or she acted at the time the acts in question occurred.  Direct proof of knowledge and fraudulent intent is almost never available, and you are not required to find that such proof existed.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  Circumstantial evidence, if believed, is of no less value than direct evidence.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of securities fraud.  It is for you to decide whether the defendant acted in good faith or not.  If you decide that he at all relevant times acted in good faith, it is your duty to acquit him.  That is because, however misleading or deceptive conduct may have been, the law is not violated if the defendant acted in good faith and held an honest belief that his actions were proper and not in furtherance of any illegal venture.  The defendant has no burden to establish the defense of good faith, however.  The burden is on the government to prove criminal intent and consequent lack of good faith beyond a reasonable doubt.

If you find that the defendant was not a knowing participant in the scheme or lacked the intent to deceive, you must acquit him.  Conversely, if you find that the government has

established beyond a reasonable doubt not only the first two elements of Count Four (that is, the existence of a scheme to defraud in connection with the purchase or sale of a security), but also this third element (that the defendant was a knowing participant and acted with intent to defraud), then you would move on to the fourth element, which I am about to discuss.  If the government establishes the fourth element as well, then you would have a sufficient basis upon which to convict the defendant on Count Four of the Indictment.

Adapted from Sand et al., Modern Federal Jury Instructions – Criminal, No. 57-24 (2015).

## PROPOSED JURY INSTRUCTION NO. 13

## SECURITIES FRAUD – FOURTH ELEMENT: INSTRUMENTALITY OF INTERSTATE COMMERCE OR FACILITY OF NATIONAL SECURITIES EXCHANGE

The fourth and final element that the government must prove beyond a reasonable doubt with respect to Count Four is that the defendant knowingly used, or caused to be used, either (a) any instrumentalities of interstate commerce, <u>or</u> (b) a facility of a national securities exchange, in furtherance of the scheme to defraud.

The term "instrumentalities of interstate commerce" means any number of instruments, devices, and means of conducting trade, commerce, transportation, or communication among more than one state, including interstate wire communications such as telephone calls, emails, faxes, and the use of computers connected the internet.  Instrumentalities of interstate commerce include the use purely within one state of a telephone call, email, fax, computer connected to the internet, or any other instrument used to conduct interstate communication.[5]

---

[5] See <u>Lawrence v. S.E.C.</u>, 398 F.2d 276, 278 (1st Cir. 1968) ("That the jurisdictional hook need not be large to fish for securities law violations is well established") (citations omitted); <u>see also</u> <u>Myzel v. Fields</u>, 386 F.2d 718, 727-28 (8th Cir. 1967) (citation omitted); <u>see</u>, <u>e.g.</u>, <u>Loveridge v. Dreagoux</u>, 678 F.2d 870, 874 (10th Cir. 1982) (proof of intrastate telephonic messages in connection with the employment of deceptive devices or contrivances is sufficient to confer jurisdiction in a 10(b) and Rule 10b-5 action) (internal quotations omitted); *see also United States vs. Tykarsky*, No. CRIM.A. 03-400 (E.D. Pa. July 20, 2004) ("Telephone networks and the Internet are undoubtedly 'facilities of interstate commerce.' Using a computer connected to the Internet equates to 'the use of a facility or means of interstate commerce,' even though the communications in question may have actually been intrastate in character.").

The government need not prove that the defendant was directly or personally involved in using an instrumentality of interstate commerce or a facility of a national securities exchange.  It is enough if you find that he, by his actions, directly or indirectly initiated steps, or induced others to initiate steps, that resulted in a chain of cause and effect resulting in the use of an instrumentality of interstate commerce.  This use could mean something like placing a telephone call, sending an email, or using a computer connected to the internet.

With regard to using instrumentalities of interstate commerce like telephones, email or computers connected to the internet, it is not necessary that whatever was communicated was fraudulent or otherwise criminal or objectionable.  The matter communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud.

The use of any instrumentality of interstate commerce also need not be central to the execution of the scheme.  All that is required is that the use of any instrumentality of interstate commerce bears some relation to the object of the scheme or fraudulent conduct.

Adapted from Sand et al., <u>Modern Federal Jury Instructions – Criminal</u>, No. 57-25 (2015).

## PROPOSED JURY INSTRUCTION NO. 14

### VENUE

Some of the events that you have heard about in this case happened in other places. The government must prove, for each offense, that venue is proper in the District of Massachusetts. Unlike all of the other elements that I have previously described, this is just a fact that the government only has to prove by a preponderance of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.

To establish venue in this district, the government need not prove that the crimes themselves were committed in this district or that the defendant himself was present here.

With respect to the conspiracy charged in Count One, there is no requirement that the entire conspiracy took place here in Massachusetts, or that the agreement was formed here. But for you to return a guilty verdict on the conspiracy charge in Count One, the government must prove by a preponderance of the evidence that any overt act in furtherance of the agreement took place here in Massachusetts. Such acts include, among other things, the passing of computer signals over the internet to, from, or through Massachusetts.

For the wire fraud charged in Count Two, venue is likewise proper if the wire charged in that count passed to, from, or through Massachusetts. Similarly, for the charges of unauthorized access to computers in Count Three and securities fraud in Count Four, venue is proper if you find that an act or transaction constituting those crimes, such as a computer signal crucial to the

crimes, passed to, from, or through District of Massachusetts.[6]  It is not necessary that the act or transaction have been foreseeable to the defendant.[7]

---

[6] *See United States v. Royer*, 549 F.3d 886, 895 (2d Cir. 2008) (finding that "[r]eceipt of electronic transmissions in a district [was] sufficient to establish venue activity there" in securities fraud scheme).

[7] *See United States v. Sidoo*, 473 F. Supp. 3d 8, 14 (D. Mass. 2020) (noting that "the First Circuit has not adopted such a foreseeability requirement and several other circuits have explicitly rejected such as test in the context of section 3237(a)").

**PROPOSED JURY INSTRUCTION NO. 15**

**TRANSCRIPTS OF RECORDED CONVERSATIONS**

You have been provided with transcripts of the portions of the recordings that have been played for you during the trial.  Those transcripts undertake to identify the speakers engaged in the conversation, and to capture the precise words spoken by the speakers on the recording.

You are permitted to have the transcripts with you during your deliberations for the limited purpose of helping you follow the conversations as you listen to the recordings, and also to help you keep track of the speakers.  The transcripts, however, are not evidence.  The recordings themselves are the only evidence of their own contents.

You are specifically instructed that whether the transcripts correctly or incorrectly reflect the conversations or the identity of the speakers is entirely for you to decide based upon what you have heard here about the preparation of the transcripts, and upon your own examination of the transcripts in relation to what you hear on the recordings.  If you decide that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent.

Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit Instruction No. 2.06 (2007); Pattern Jury Instructions, Instruction 2.09; see generally United States v. Ademaj, 170 F.3d 58, 65 (1st Cir. 1999) (transcripts may be used during jury deliberations even if the transcripts themselves are not admitted into evidence); United States v. Campbell, 874 F.2d 838, 849 (1st Cir. 1989) (use of transcripts as a jury aid in following recorded conversations is permissible); United States v. Rengifo, 789 F.2d 975, 980 (1st Cir. 1986) (district court may allow transcripts of recorded conversations to be used in jury deliberations).

**PROPOSED JURY INSTRUCTION NO. 16**

**STIPULATIONS**

The evidence in this case includes facts to which the lawyers have agreed or stipulated.

A stipulation is an agreement among the parties to the existence of a fact.  You the jury must

accept the stipulation as fact and give it whatever weight you choose.

Adapted from <u>Pattern Instructions</u>, Instruction No. 2.01.