UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

)
)
UNITED STATES OF AMERICA )
)
v. )                    CRIMINAL NO. 21-cr-10104-PBS
)
VLADISLAV KLYUSHIN )
            Defendant )
)
_____ )

## **REQUEST FOR JURY INSTRUCTIONS**

      Now comes the Defendant Vladislav Klyushin, by and through undersigned counsel, and hereby respectfully requests that this Honorable Court provide the standard pattern jury instructions to the jury concerning the presumption of innocence and the government's requirement to prove each element beyond a reasonable doubt, the credibility of witnesses, the defendant's constitution right not to testify, and the following charge specific instructions to the jury:

1

**Count One: Conspiracy**
**Basic Elements[1]**

Count One of the indictment accuses Mr. Klyushin of conspiring with Ivan Ermakov, Nikolai Rumiantcev, Mikhail Irzak, Igor Sladkov, and others to commit a federal crime. Specifically, Mr. Klyushin is alleged to have conspired to commit the crimes of unauthorized computer intrusion, wire fraud, and securities fraud in or about and between January 2018 and September 2020.

For you to find Mr. Klyushin guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between those people as alleged in the indictment to commit a crime, and that Mr. Klyushin specifically intended and agreed that a member of the conspiracy would commit conduct that actually constituted the underlying crimes alleged - here unauthorized computer intrusion, wire fraud, and securities fraud; and

*Second*, that Mr. Klyushin knowingly and willfully joined in that agreement; and

*Third*, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

---

[1] *See United States v. Tum*, 707 F.3d 68, 72, 74-75 (1st Cir. 2013); First Circuit Pattern Criminal Jury Instruction 4.18.1349; First Circuit Pattern Instruction, Inst. 4.18.371(1) (Conspiracy under 18 U.S.C. § 371; 21 U.S.C. § 846; *Sand et al., Modern Federal Jury Instructions* (*Crim.*), Inst. 52-58 (Elements of the Offense) (2020); Eleventh Circuit Pattern Criminal Jury Instructions (2019), Inst. O54 (Conspiracy to Commit Wire Fraud 18 U.S.C. § 1349).

**Count One: Conspiracy**
**An Agreement[2]**

With respect to the first element, a conspiracy is an agreement to commit a crime or series of crimes. The conspiracy does not have to be a formal agreement or plan, but the government must prove beyond a reasonable doubt that those who were involved agreed together to commit a crime or group of crimes.

Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

---

[2] Adapted from *United States v. Delarosa*, Case No. 17-cr-10281-PBS, Jury Trial Transcript Vol. III, at 3-106 – 3-107 (D. Mass. Jul. 24, 2019); *United States v. Soto-Villar*, Case No. 19-cr-10067-PBS, Jury Trial Transcript Vol. IV, at 4-155 – 4-156 (D. Mass. Oct. 2, 2020); *United States v. Morrow*, 39 F.3d 1228, 1234-35 (1st Cir. 1994); First Circuit Pattern Criminal Jury Instruction 4.18.371(1).

**Count One: Conspiracy**
**The Conspiracy Alleged in the Indictment**

The government has the burden of proving the conspiracy alleged in Count I of the indictment beyond a reasonable doubt. You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.

Similarly, if you find that Mr. Klyushin was not a member of the charged conspiracy, then you must find him not guilty, even though he may have been a member of some other conspiracy.[3]

It is not enough for you to conclude that Mr. Klyushin may have been party to a different agreement or conspiracy or that others not charged in this case may have conspired separately with one another; it must be the precise conspiracy charged in Count I of the indictment.

---

[3] Ninth Circuit Model Criminal Jury Instruction 8.22; *see United States v. Bedini*, 861 F.3d 10, 16-17 (1st Cir. 2017)

**Count One: Conspiracy**
**Multiple Conspiracies[4]**

In this case, Mr. Klyushin contends that the government's proof fails to show the existence of only one overall conspiracy. Rather, Mr. Klyushin claims that there were actually several separate and independent conspiracies with various groups of members.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes. Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the indictment, unless one of the conspiracies proved happens to be the single conspiracy described in the indictment.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose(s) charged in the indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that the conspiracy charged in the indictment did not exist, you cannot find any defendant guilty of the single conspiracy charged in the indictment. This is

---

[4] Adapted from *Sand et al., Modern Federal Jury Instructions (Crim.)*, Inst. 19-5.

so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that a particular defendant was a member of another conspiracy, and not the one charged in the indictment, then you must acquit the defendant of the conspiracy charge. Therefore, what you must do is determine whether the conspiracy charged in the indictment existed. If it did, you then must determine the nature of the conspiracy and who were its members.

**Count One: Conspiracy**
**Willfully**

The government must prove beyond a reasonable doubt that Mr. Klyushin acted willfully.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law. To act by ignorance, accident, or mistake is not to act willfully.[5]

Mere knowledge of or acquiescence in a conspiracy is not sufficient to prove that a defendant knowingly and willfully joined a conspiracy, nor is it sufficient that he did something that happened to further or assist the purposes or objects of the conspiracy. Rather, to prove membership in the conspiracy, the evidence must establish that the defendant participated with the intention of aiding in the accomplishment of the conspiracy's principal purpose.[6]

I want to caution you, however, that Mr. Klyushin's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make Mr. Klyushin a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.[7]

---

[5] Adapted from *United States v. Delarosa*, Case No. 17-cr-10281-PBS, Jury Trial Transcript Vol. III, at 3-108 (D. Mass. Jul. 24, 2019); *United States v. Soto-Villar*, Case No. 19-cr-10067-PBS, Jury Trial Transcript Vol. IV, at 4- 157 – 4-158 (D. Mass. Oct. 2, 2020)

[6] Adapted from *Ocasio v. United States*, 136 S. Ct. 1423, 1429 (2016).

[7] Adapted from *Sand et al., Modern Federal Jury Instructions (Crim.)*, Inst. 19-01.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.

**Count One: Conspiracy**
**Good Faith**

If Mr. Klyushin acted in good faith, he cannot be guilty of the crime of conspiracy. If Mr. Klyushin had a good faith belief that he was not violating the law, even if that belief was mistaken, he did not have the necessary intent to commit conspiracy or any of the crimes charged.[8] In other words, Mr. Klyushin's good faith is a complete defense to all of the charges because good faith is simply inconsistent with the element of willfulness.

While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and lacking an intent to violate the law. A person who acts on an honestly held belief is not punishable merely because that honest belief turns out to be incorrect or wrong. The law subjects to prosecution and punishment only those people who act willfully, and with an intent to violate the law.

The burden is on the government to prove the required intent and consequent lack of good faith, as I will define for you next, beyond a reasonable doubt. Mr. Klyushin is under no obligation to prove good faith.

---

[8] *See United States v. Gorski*, 880 F.3d 27, 32 n.3 (1st Cir. 2018); *see also United States v. Henry*, 136 F.3d 12, 17 n.3 (1st Cir. 1998) ("If the defendant had a good faith belief that Beede was authorized to transport the waste to its facility, he is not guilty of the crime of conspiracy even if it turns out that that belief was wrong. The burden of proving good faith does not rest with the defendant because the defendant does not have to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that the defendant is guilty of conspiracy."); Eighth Circuit Model Criminal Jury Instruction 9.08A (2020); *United States v. Dockray*, 943 F.2d 152, 155 (1st Cir. 1991) (a good-faith belief "is an absolute defense to a charge of mail or wire fraud")

9

**Count One: Conspiracy**
**Intent**

The government must prove two types of intent beyond a reasonable doubt before Mr. Klyushin can be said to have willfully joined the conspiracy: an intent to agree (that is, an intent to join the conspiracy), and an intent that the underlying crimes be committed.[9]

To show the first type of intent, the government must prove that Mr. Klyushin voluntarily and intelligently agreed to join the conspiracy charged in Count I. If the conspiracy charged in Count I involved more than one crime, Mr. Klyushin must, at a minimum, have had knowledge or foresight of the multiple crimes before he can be convicted of agreeing to join that conspiracy. On the other hand, if Mr. Klyushin agrees with others simply to commit a single crime, and has no knowledge or foresight of his accomplices' intentions and agreement to commit multiple crimes, then Mr. Klyushin had intent to join only a narrower, one-crime conspiracy, and is not guilty of the other broader conspiracy charged in Count I.[10] In addition, a person who has no knowledge of a conspiracy but simply happens to act in a way that furthers some object or purpose of the conspiracy does not thereby become a conspirator.[11]

To show the second type of intent, the government must prove that Mr. Klyushin joined the conspiracy specified in Count I with the intent to commit the underlying crimes alleged in that count. The object of the conspiracy at issue must be the crimes alleged in Count I.

---

[9] *See* First Circuit Pattern Criminal Jury Instruction 4.18.1341

[10] *United States v. Morrow*, 39 F.3d 1228, 1234 (1st Cir. 1994) ("But if a defendant agrees with others simply to commit a single crime (e.g., to rob one bank) and has no knowledge or foresight of the conspiracy's broader scope, that defendant is a member only of the narrower, one-crime conspiracy.").

[11] Adapted from *United States v. Delarosa*, Case No. 17-cr-10281-PBS, Jury Trial Transcript Vol. III, at 3-108 – 3- 109 (D. Mass. Jul. 24, 2019); *United States v. Soto-Villar*, Case No. 19-cr-10067-PBS, Jury Trial Transcript Vol. IV, at 4-157 – 4-158 (D. Mass. Oct. 2, 2020).

**Count One: Conspiracy**
**Overt Act[12]**

The third element of the crime of conspiracy is the commission of an overt act. The government must prove beyond a reasonable doubt that one of the conspirators knowingly and willfully committed at least one overt act to accomplish some purpose of the conspiracy at some time during the period of the conspiracy. An "overt act" is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that Mr. Klyushin personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

---

[12] Pattern Criminal Jury Instructions for the District Courts of the First Circuit §4.18.371(1).

**Count One: Conspiracy**
**Venue[13]**

Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in Massachusetts. But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement, or one of the overt acts took place here in Massachusetts.

Unlike all the other elements that I have described, this is just a fact that the government must prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

---

[13] Pattern Criminal Jury Instructions for the District Courts of the Sixth Circuit § 3.07.

**Count Two: Wire Fraud**
**Basic Elements[14]**

Count Two of the indictment charges Mr. Klyushin with wire fraud relating to the October 24, 2018 transmission of Filing Agent 2's Employee Credentials, via a Boston IP Address, to one or more computer servers outside of Massachusetts in order to obtain unauthorized access to the computer network of Filing Agent 2.

For you to find Mr. Klyushin guilty of wire fraud, the government must prove each of the following things beyond a reasonable doubt:

*First*, that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

*Second*, that the scheme to defraud involved the misrepresentation of a material fact or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement or assertion concerning a material fact;

*Third*, that Mr. Klyushin knowingly and willfully participated in this scheme with the intent to defraud; and

*Fourth*, that for the purpose of executing the scheme or in furtherance of the scheme, Mr. Klyushin caused an interstate or foreign wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate or foreign wire communication would be used, on or about October 24, 2018.

---

[14] Adapted from First Circuit Pattern Criminal Jury Instruction 4.18.1343

**Count Two: Wire Fraud**
**First Element – Scheme to Defraud[15]**

A scheme includes any plan, pattern, or course of action.  It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone.  But the government must prove beyond a reasonable doubt that the scheme was substantially as charged in the indictment.

The term "defraud" means to deceive another in order to obtain money or property. The scheme to defraud in this case is alleged to have been carried out by making false or fraudulent statements and representations. A representation or statement is false if it is untrue when made and was known to be false by the person making it or causing it to be made.

---

[15] Adapted from First Circuit Pattern Criminal Jury Instruction 4.18.1343

**Count Two: Wire Fraud**
**Second Element – Materiality[16]**

The second element that the government must prove beyond a reasonable doubt is that the alleged false or fraudulent representations were material under the circumstances. "Materially false or fraudulent pretenses" means false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with intent to defraud. A fact or matter is "material" if it is one that has a natural tendency to influence or be capable of influencing the decision-maker to whom it was addressed. If the alleged victim would have made the same decision if it knew the true facts, the misstatement at issue cannot be material.

---

[16] Adapted from First Circuit Pattern Criminal Jury Instruction 4.18.1343

**Count Two: Wire Fraud**
**Third Element – Intent to Defraud[17]**

The third element that the government must prove beyond a reasonable doubt is that Mr. Klyushin participated in the charged scheme to defraud knowingly, willfully, and with the specific intent to defraud.

A person acts "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

An act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law. Since intent to defraud is an essential element of the offense, it follows that a good faith misunderstanding of the requirements of the law on the part of Mr. Klyushin is a complete defense to a charge of wire fraud. It is for you to decide whether Mr. Klyushin acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so. Keep in mind, however, that Mr. Klyushin has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and lack of good faith beyond a reasonable doubt.

---

[17] Adapted from First Circuit Pattern Criminal Jury Instruction 4.18.1343

**Count Two: Wire Fraud**
**Fourth Element—Use of Interstate or Foreign Wires[18]**

An "interstate or foreign wire communication" includes a telephone communication from one state to another or between the United States and a foreign country.  The term also includes a wire transfer of funds between financial institutions as well an e-mail transmission or other internet communication.  The wire communication does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out.  There is no requirement that Mr. Klyushin himself was responsible for the wire communication, that the wire communication itself was fraudulent or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.  But the government must prove beyond a reasonable doubt that Mr. Klyushin knew, or could reasonably have foreseen, that use of a wire communication would follow in the course of the scheme. To "cause" an interstate wire communication to be made is to do an act with knowledge that an interstate wire communication will follow in the ordinary course of business or where such a communication can reasonably be foreseen. Here, the government alleges an October 24, 2018 transmission of Filing Agent 2's Employee Credentials as the wire communication.

---

[18] Adapted from First Circuit Pattern Criminal Jury Instruction 4.18.1343

**Count Three: Unauthorized Access to Computers**
**Basic Elements**

Count Three of the indictment charges Mr. Klyushin with unauthorized access to Filing Agent 2's computers on or about October 24, 2018.

For Mr. Klyushin to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that Mr. Klyushin knowingly accessed a protected computer without authorization;

*Second*, Mr. Klyushin did so with the intent to defraud;

*Third*, that in furtherance of the scheme to defraud, Mr. Klyushin by accessing the computer without authorization obtained something of value as described in the indictment.

**Count Three: Unauthorized Access to Computers**
**First Element[19]**

The first element that the government must prove beyond a reasonable doubt is that Mr. Klyushin knowingly accessed a protected computer without authorization.

As defined in the statute, a "computer" means "an electronic, magnetic, optical, electromechanical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." The statute makes clear that the term "computer" does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar devices.

The computer Mr. Klyushin accessed must be a "protected computer" as defined in the statute. To satisfy this element, the government must prove that the computer Mr. Klyushin accessed was used in interstate or foreign commerce or communication. Interstate or foreign commerce or communication means simply the movement of goods and services, including on-line computer services, or communications between states or between the United States and other countries. However, there is no requirement that Mr. Klyushin's transmission itself crossed a state line. As long as the computer is used in or affecting interstate commerce or communication, that is sufficient.

This element also requires that the government prove that Mr. Klyushin accessed the computer knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not

---

[19] Adapted from *Sand et al., Modern Federal Jury Instructions (Crim.)*, Inst. 485-40A-26.

because of ignorance, mistake, accident or carelessness. Whether Mr. Klyushin acted knowingly may be proven by Mr. Klyushin's conduct and by all of the facts and circumstances surrounding the case.

The final part of this element is that the government must prove that Mr. Klyushin accessed the computer without authorization.

## Count Three: Unauthorized Access to Computers
## Second Element[20]

The second element the government must prove beyond a reasonable doubt is that Mr. Klyushin accessed the computer with the intent to defraud.

To act with intent to defraud means to act willfully and with the intent to deceive, for the purpose of causing some loss to another. To act willfully means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law. The question of whether a person acted with the intent to defraud is a question of fact for you to determine, like any other fact question. Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of Mr. Klyushin is a complete defense to a charge of computer fraud. Mr. Klyushin, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against the Mr. Klyushin, the government must establish beyond a reasonable doubt that he knew that his conduct was calculated to deceive and nonetheless, he undertook the activity for the purpose of causing some loss to another. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element on which I have already instructed you, but also this second element, that the defendant acted with the intent to defraud, and if the government also

---

[20] Adapted from *Sand et al., Modern Federal Jury Instructions (Crim.)*, Inst. 485-40A-27.

establishes the third element, as to which I am about to instruct you, then the government will have satisfied its burden of proof.

**Count Three: Unauthorized Access to Computers**
**Third Element[21]**

The third element the government must prove beyond a reasonable doubt is that Mr.

Klyushin used the computer to further the fraud, and as a result obtained something of value as

described in the indictment. The indictment alleges that Mr. Klyushin obtained the confidential

financial information of Tesla, Capstead, and other publicly traded clients of Filing Agent 2.

---

[21] Adapted from *Sand et al., Modern Federal Jury Instructions (Crim.*), Inst. 485-40A-28.

**Counts Two and Three**
**Aiding and Abetting[22]**

To "aid and abet" means intentionally to help someone else commit the charged crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First, that the crime of wire fraud was actually committed by someone. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.

Second, that Mr. Klyushin took an affirmative act to help or cause the crimes charged in Count Two or Count Three to be committed.

Third, that Mr. Klyushin intended to help or cause the commission of the crimes charged in Count Two or Count Three.

The second element, the "affirmative act" element, can be satisfied without proof that Mr. Klyushin participated in each and every element of the relevant crime. It is enough if Mr. Klyushin assisted in the commission of the relevant crimes or caused the crime to be committed.

The third element, the "intent" element, is satisfied if Mr. Klyushin had advance knowledge of the elements that make [the principal's] conduct criminal. The government must prove beyond a reasonable doubt that Mr. Klyushin consciously shared the principal's knowledge of the underlying criminal act. It must also prove that his intent extended to the specific and entire crime charged.

---

[22] Pattern Criminal Jury Instructions for the District Courts of the First Circuit §4.18.02(a); *United States v. Encarnacion-Ruiz*, 787 F.3d 581, 588 (1st Cir. 2015).

A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the offense and knowledge that the offense is being committed are also not sufficient to constitute aiding and abetting.

## Count Four: Securities Fraud
## Basic Elements

Count Four of the indictment alleges that Mr. Klyushin committed securities fraud between on or about February 5, 2018 and January 23, 2020 in connection with the purchase and sale of securities of publicly traded companies that were clients of Filing Agent 2.

In order to prove Mr. Klyushin guilty of the securities fraud offense charged in Count Four, the government must prove beyond a reasonable doubt the following three elements:

(1)  In connection with the purchase or sale of the securities of publicly traded companies that were clients of Filing Agent 2, Mr. Klyushin —

    (a)  employed a device, scheme, or artifice to defraud,[23] or

    (b)  made an untrue statement of a material fact or omitted to state a material fact necessary to make the statements not misleading in light of the circumstances; or

    (c)  engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

(3)  that Mr. Klyushin acted willfully, knowingly, and with the intent to defraud; and

(4)  that Mr. Klyushin used, or caused to be used, any means or instruments of interstate commerce, or of the mails, or of any national securities exchange in furtherance of the fraudulent conduct.

---

[23] For the reasons urged in Mr. Klyushin's pretrial motion to dismiss, he objects to instructing the jury on this theory absent evidence that he or an alleged confederate owed a fiduciary-like duty to either investors or confidential information sources.

### Count Four: Securities Fraud
### First Element

The first element of securities fraud charged in Count Four is that, in connection with the purchase or sale between on or about February 5, 2018 and January 23, 2020 of securities of publicly traded companies that were clients of Filing Agent 2, Mr. Klyushin did one or more of the following:

<blockquote>

(a)      employed a device, scheme, or artifice to defraud;

(b)      made an untrue statement of a material fact or omitted to state a material fact necessary to make the statements not misleading in light of the circumstances; or

(c)      engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

</blockquote>

The government need not prove that Mr. Klyushin engaged in all three types of unlawful conduct in order to prove this first element of securities fraud. One of the three is sufficient. However, you must be unanimous as to which type of unlawful conduct you find to have been proven beyond a reasonable doubt. If you cannot agree unanimously as to a type of unlawful conduct you find to have been committed by Klyushin, then you must find him not guilty.

The first element of this offense requires the government to prove beyond a reasonable doubt that the alleged conduct was "in connection with the purchase or sale of a security." This requirement is satisfied if you find that Mr. Klyushin's alleged conduct in some way "touched upon" or "coincided" with a securities transaction—that is, that the alleged fraud or deceit had some relationship to these individual sales or purchases.

One type of unlawful conduct that the government may prove beyond a reasonable doubt is the existence of a "device, scheme, or artifice to defraud." A "device, scheme, or artifice to defraud" means the forming of some invention, contrivance, plan, or design to trick or to deceive in order to obtain money or something of value. A "device" is an invention, a contrivance, or the result of some plan or design. A "scheme" is a design or a plan formed to accomplish some purpose. An "artifice" is an ingenious contrivance or plan of some kind.

A second type of unlawful conduct that the government may prove is the making of an untrue statement of a material fact or the deliberate omission to state a material fact necessary to make statements not misleading in light of the circumstances. A statement, claim, or document is fraudulent (1) if it was false when it was made, or if it was made with reckless indifference as to its truth or falsity, and (2) if it was made or caused to be made with an intent to deceive. A deceitful statement of half-truths or the concealment of material facts may also constitute fraud under the statute, if such half-truth or concealment was intended to be misleading.

If you find that the government has established beyond a reasonable doubt that a statement was false or a fact fraudulently omitted, you must next determine whether the fact misstated or omitted was material under the circumstances. A fact is "material" if there is a substantial likelihood that a reasonable investor would consider the fact important when making an investment decision. In other words, a statement contains a material fact if there is a substantial likelihood that a reasonable investor would view the statement as significantly altering the total mix of information available. In determining whether a fact is material, you may consider all of the circumstances surrounding the making of the statement. You may

consider the testimony of a victim as evidence in determining what would be material to a hypothetical reasonable investor under the circumstances.

A third type of fraudulent conduct that the government may prove is an act, practice, or course of business that operated as a fraud or deceit.

**Count Four: Securities Fraud**
**Second Element**

The second element of the crime of securities fraud charged in Count Four is that Mr. Klyushin participated in the scheme to defraud knowingly, willfully, and with intent to defraud.

"Knowingly" here means to act voluntarily and deliberately, rather than mistakenly or inadvertently, with an understanding of the nature of his action, and not because of ignorance, mistake, accident, or carelessness. Whether Mr. Klyushin acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

"Willfully" here means to act with the intent to do something that the law forbids, that is to say, with the bad purpose either to disobey or to disregard the law. The government need not prove that Mr. Klyushin knew he was breaking any particular law or rule. The government must prove, however, that he was aware of the general wrongfulness of his acts, and that his acts were not due to negligence, inadvertence, or mistake.

To act with "intent to defraud" here means to act willfully and with the specific intent to deceive. An act is intentional only if it is deliberate and purposeful. That is, to be intentional, Mr. Klyushin's acts must have been the product of his conscious objective, rather than the product of mistake or accident. The misrepresentation or omission must have had the purpose of inducing the victim of the fraud to undertake some action.

The question of whether Mr. Klyushin acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves Mr. Klyushin's state of mind.

The Government need not show that Mr. Klyushin, in addition to knowing what he was doing and deliberately doing it, also knew that he was violating a particular federal statute. But

Mr. Klyushin must be proven to have acted with the intent to help carry out the execution of the scheme to defraud that is alleged in the indictment. It is not a willful deceptive device in contravention of the federal securities law for a person to use his or others' financial or expert analysis or his or others' educated guesses or predictions or his or others' past practice or experience to determine which securities to buy or sell.

Because an essential element of the crimes charged in Count Four is intent to defraud, if you find that Mr. Klyushin acted in good faith, or held an honest belief that his actions (as charged in a given count) were proper and not in furtherance of any unlawful activity, you cannot convict him of that count. Mr. Klyushin, however, has no burden to prove a defense of good faith. The burden is on the government to prove beyond a reasonable doubt Mr. Klyushin's fraudulent intent.

False representations or statements do not amount to securities fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. If you were to find that Mr. Klyushin had an honest belief in the truth of a representation, regardless of how inaccurate the statement may have turned out to be, or an honest belief that his actions were lawful and proper, then the government has not proven fraudulent intent.

To conclude on this second element of securities fraud, if you find that Mr. Klyushin was not a knowing participant in the scheme or lacked the intent to defraud, you must return a verdict of not guilty on Count Four. On the other hand, if you find that the government has proven beyond a reasonable doubt not only the first element but also this second element—that Mr.

Klyushin acted knowingly, willfully, and with intent to defraud—then you should proceed to consider the third element of securities fraud, on which I will now charge you.

**Count Four: Securities Fraud**
**Third Element**

The third and final element that the government must prove beyond a reasonable doubt with respect to Count Four is that Mr. Klyushin knowingly used, or caused to be used, either (a) any instrumentalities of interstate commerce or (b) a facility of a securities exchange in the United States, in either case, in furtherance of the scheme to defraud.

The phrase "instrumentalities of interstate commerce" include any number of means of conducting commerce or communication among one or more than one state, such as interstate telephone calls and emails. Instrumentalities of interstate commerce include the use purely within one state of a telephone call, email, or any other instrument used to conduct interstate communications.

The government need not prove that Mr. Klyushin was directly or personally involved in using an instrumentality of interstate commerce or a facility of a securities exchange in the United States. It is enough if you find that Mr. Klyushin, by his actions, directly or indirectly initiated steps, or induced others to initiate steps, that resulted in a causal chain of events resulting in the use of an instrumentality of interstate commerce.

With regard to using instrumentalities of interstate commerce like telephones or email, it is not necessary that whatever was communicated was fraudulent or otherwise criminal or objectionable. The matter communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud. The use of any instrumentality of interstate commerce also need not be central to the execution of the scheme. All that is required is that the use of any instrumentality of interstate commerce bears some relation to the object of the scheme or fraudulent conduct.

Accordingly, you cannot convict Mr. Klyushin on Count Four unless you find that the government has established beyond a reasonable doubt all three elements of securities fraud that I just described.

**Count Four: Securities Fraud**
**Aiding and Abetting[24]**

The requirements for aiding and abetting a securities fraud violation are somewhat different from the requirements of aiding and abetting wire fraud. In the securities fraud context, the government must prove beyond a reasonable doubt: (1) the existence of a securities law violation by the principal; (2) actual knowledge of this violation on the part of the aider and abettor, as I have previously defined it in the context of aiding and abetting wire fraud; and (3) substantial assistance provided knowingly by the aider and abettor in the achievement of the securities fraud violation. Inaction on the part of the alleged aider and abettor ordinarily should not be treated as substantial assistance, except when it was designed intentionally to aid the primary fraud.

---

[24] *S.E.C. v. DiBella*, 587 F.3d 553, 566 (2d Cir. 2009); *Armstrong v. McAlpin*, 699 F.2d 79, 91 (2d Cir. 1983).

**Venue**

The indictment alleges that some acts in furtherance of the crime charged occurred in Boston, MA. There is no requirement that all aspects of the crime take place here in the District of Massachusetts. Before you may return a verdict of guilty, however, the government must convince you that some act in furtherance of the crime took place in Massachusetts.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

Respectfully Submitted,

Vladislav Klyushin,
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

**/s/ Marc Fernich**
Marc Fernich
Law Office of Marc Fernich
800 Third Avenue
Floor 20
New York, NY 10022
212-446-2346
Email: maf@fernichlaw.com

Dated: January 16, 2023

**CERTIFICATE OF SERVICE**

I, Maksim Nemtsev, hereby certify that on this date, January 16, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.

37