UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | CRIMINAL NO. 21-cr-10104-PBS |
| VLADISLAV KLYUSHIN<br>Defendant | ) ) ) ) ) | |

## REQUEST FOR JURY QUESTIONNAIRE

Now comes the Defendant Vladislav Klyushin, by and through undersigned counsel, and hereby respectfully requests this Honorable Court to allow the submission of a jury questionnaire, attached hereto as Exhibit 1, to prospective jurors. The use of a questionnaire will foster informed exercise of causal and peremptory strikes, facilitating the selection of an impartial jury and safeguarding Mr. Klyushin's Sixth Amendment rights.

Courts have long encouraged suitable inquiry to ascertain whether jurors have a bias, opinion or prejudice that would affect their determination of any issue to be tried. *Connors v. United States,* 158 U.S. 408, 413 (1895). While the Constitution does not dictate a procedure for jury selection, part of the Sixth Amendment's impartiality guarantee is affording the defendant an adequate process to identify unqualified jurors:

> *Voir dire* plays a critical function in assuring the criminal defendant that his constitutional right to an impartial jury will be honored. Without an adequate *voir dire* the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled.

*Morgan v. Illinois*, 504 U.S. 719, 729–30 (1992) (cleaned up); *Skilling v. United States*, 561 U.S. 358, 388–89 (2010) ("the District Court initially screened venire members by eliciting their

responses to a comprehensive questionnaire… [t]hat survey helped to identify prospective jurors excusable for cause and served as a springboard for further questions put to remaining members of the array."). To ensure fairness and reliability, it is vital that the information available to prosecution and defense concerning potential jurors be accurate and thorough. *See, e.g., Jordan v. Lippman*, 763 F.2d 1265 (11th Cir. 1985) (jury selection procedures must be adequate to unearth prejudice; failure to expose potential prejudice of jurors requires reversal of conviction); *United States v. Honken*, 378 F. Supp. 2d 880, 916 (N.D. Iowa 2004) ("an extensive questionnaire should be propounded to the jury, which will provide a wealth of information relevant to selection of an impartial jury").

Thus, to promote the selection of an impartial, unbiased jury, courts have "require[d] a comprehensive juror questionnaire, an expanded jury pool, individualized voir dire, and an opportunity for attorney input on the content of the voir dire." *United States v. Awadallah*, 457 F. Supp. 2d 246, 254 (S.D.N.Y. 2006); *see also United States v. Isaacson*, 752 F.3d 1291 (11th Cir. 2014) (jury questionnaire used in securities fraud case); *Balkany v. United States*, 2013 WL 1234950 (S.D.N.Y. Mar. 27, 2013) (wire fraud); *United States v. Daugerdas*, 867 F. Supp. 2d 445 (S.D.N.Y. 2012) (tax shelter fraud); *United States v. Rioux*, 930 F. Supp. 1558 (D. Conn. 1995) (mail fraud).

Here, as in the cases just cited, the best way to obtain accurate and thorough information is to quiz prospective jurors before trial in the form of a written questionnaire. A questionnaire will help uncover attitudes and biases prospective jurors may hold toward Mr. Klyushin, his nationality or the subject matter of this case in light of the current geopolitical situation. Given the sensitivity of the inquiry – targeting prejudice against Russian citizens accused of computer

hacking and insider trading – prospective jurors are more likely to answer fully and truthfully when asked privately about their views via questionnaire, as opposed to openly in court before a group of strangers.

Additionally, a questionnaire invites prospective jurors to reflect on complex personal issues. Advance exposure to questions about feelings and beliefs not only pushes them to think about and formulate meaningful responses to the written queries posed, but inspires more thoughtful, honest, and reflective answers to oral questions asked during the *voir dire* process.

Finally, a jury questionnaire will provide information necessary to ensure that no improper bias or prejudice undermines Mr. Klyushin's right to a fair trial. Its benefits far outweigh any burden of having to answer a few short questions. *Aldridge v. United States*, 283 U.S. 308, 315 (1931) ("We think that it would be far more injurious to permit it to be thought that persons entertaining a disqualifying prejudice were allowed to serve as jurors and that inquiries designed to elicit the fact of disqualification were barred. No surer way could be devised to bring the processes of justice into disrepute.").

For all these reasons, Mr. Klyushin respectfully requests that this Honorable Court allow the submission of a jury questionnaire, attached hereto as Exhibit 1, in sufficient time to allow its completion and return before trial.

Respectfully Submitted,

Vladislav Klyushin,
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

**/s/ Marc Fernich**
Marc Fernich
Law Office of Marc Fernich
800 Third Avenue
Floor 20
New York, NY 10022
212-446-2346
Email: maf@fernichlaw.com

Dated: January 16, 2023

## CERTIFICATE OF SERVICE

I, Maksim Nemtsev, hereby certify that on this date, January 16, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.