UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>VLADISLAV KLYUSHIN )<br>        Defendant )<br>) | CRIMINAL NO. 21-cr-10104-PBS |

**DEFENDANT VLADISLAV KLYUSHIN'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (DKT. 140)**

Defendant Vladislav Klyushin, by and through undersigned counsel, hereby respectfully objects to the government's proposed jury instructions (Dkt. No. 140) as follows.

**PROPOSED INSTRUCTION 1**

P.4, Lines 5-6: Insert the phrase "or lack of evidence" between the words "evidence" and "before."

**PROPOSED INSTRUCTION 3**

The defense objects to instructing the jury on willful blindness absent a proper evidentiary predicate, including proof that Mr. Klyushin took "*deliberate actions* to avoid confirming a high probability of wrongdoing and … can almost be said to have actually known the critical facts." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769-70 (2011) (emphasis supplied) (citation omitted). This "*requirement[ ]*" of "deliberate action[]" – that "the defendant *must*" make "active efforts" to avoid learning an essential fact – gives "willful blindness an appropriately limited scope that surpasses recklessness and negligence." *Id*. (emphasis supplied); *accord US v. Bray*, 853 F.3d 18, 30 (CA1 2017).

As prominent ex-federal judge Richard Posner has explained, the deliberate action/active effort requirement endorsed in *Global-Tech* means that a willfully blind defendant must "tak[e] some active measure to avoid confirming [his] suspicions." *US v. Macias*, 786 F.3d 1060, 1061 (CA7 2015); *see also id*. at 1063 (contemplating affirmative "measures to avoid confirming [one's] suspicions"). Put another way, an ostrich instruction demands "evidence" that the defendant "took active steps to avoid having his suspicions confirmed." *Id*. at 1062.

What constitutes such a positive "effort by the defendant to avoid confirming his suspicions"? *Id*. at 1063. Judge Posner provided several helpful examples.

For one, a "person who suspected that he had rented his house to a drug gang might take a wide detour to avoid driving by the house lest he notice someone carrying what appeared to be illegal drugs out of or into the house." *Id*. at 1061-62. "[C]hanging one's route of travel to avoid seeing confirmation of one's suspicions" is the sort of "physical avoidance" that satisfies the deliberate action/active effort standard embraced in *Global-Tech*. *Id*.

So too a worker's saying "'I don't want to know'" if a drug cartel member offers to tell him "'what we smuggle.'" *Id*. at 1062. "That would be ostrich behavior." *Id*.

Similarly, the "active avoidance with which the ostrich doctrine is concerned" prevails when a "drug trafficker" sometimes "absent[s] himself" from "actual delivery" scenes and sometimes "pretend[s] to be fussing under his [car] hood." *Id*. at 1062-63.

Another instance of "*act[ing]* to avoid learning the truth"? *Id*. at 1063. Altering a "commuting route to avoid" an illegal "wireroom" operating in a "rental house" on the usual "thoroughfare" because the commuter fears "what he would see if he drove past it." *Id*.

And finally, a classic affirmative "measure[] to avoid confirming ... suspicions": "telling [your] boss, 'whatever you do, don't tell me what you're smuggling because if it's illegal drugs I will if caught be subject to a very long prison sentence.'" *Id*.

The upshot? Mr. Klyushin's jury should not be instructed on willful blindness unless the government shows he engaged in "deliberate actions" or "active efforts," *Global-Tech*, 563 U.S. at 769-70, that were "equivalent to taking evasive action to avoid confirming" any "suspicions" it claims he harbored. *Macias*, 786 F.3d at 1062; *see US v. Parker*, 871 F.3d 1, 13, 15 (CA1 2017) (jury properly instructed on conscious avoidance where defendant told authorities he "didn't want to know about nothing" and that he "left the room" when cohort went to a car to bring guns into an apartment); *cf. US v. Valbrun*, 877 F.3d 440, 446 (CA1 2017) (where defendant responded affirmatively to drug jargon on intercepted call and failed to inquire as to its meaning, record permitted inference that he "either knew of an effort to hide drugs in [a] rental vehicle and was cooperating in that endeavor or he purposefully avoided looking into the meaning of what the statements portended").

And if the government does manage to carry its burden of demonstrating affirmative avoidance measures, the jury should be informed, consistent with *Global-Tech* and *Bray*, that "negligence[,] mistake [*or even recklessness*] in failing to learn the fact is not sufficient." Govt's Proposed Jury Inst. No. 3 (alterations and emphasis ours); *see Macias*, 786 F.3d at 1060-62 (stressing that a defendant has no "duty 'to make an effort to discover the truth'"); *Parker*, 871 F.3d at 13 (approving conscious avoidance instruction cautioning that neither "mere negligence, recklessness or mistake in failing to learn the fact," nor "the fact that a reasonable person in Parker's position would have known the fact," sufficed) (cleaned up).

3

Further, the jury also should be informed, again in line with *Global-Tech*, that Mr. Klyushin must have "willfully made himself … blind to that fact [by *taking deliberate actions or making active efforts* to avoid learning it]." Govt's Proposed Jury Inst. No. 3 (alterations and emphasis ours); *cf. US v. Perez-Melendez*, 599 F.3d 31, 45-46 (CA1 2010) (reversing conviction where record established only that defendants "knew or were willfully blind to the fact that something illegal was afoot" – not that they had "*resisted*" learning true nature of contraband they were transporting) (emphasis supplied).

## PROPOSED INSTRUCTION 4

P.7: Mr. Klyushin objects to Paragraph Two and asks that the Court give the defense's proposed charge on "Count One: Conspiracy – Intent" (Dkt. No. 141 at 10).

P.7, Penultimate Line-P.8, Line 8: This material goes beyond First Circuit Pattern Inst. No. 4.18.371(1) and should be stricken.

P.8, Last Full ¶: Add this penultimate sentence: "Still, mere presence at the scene of a crime, even when combined with knowledge that a crime will be committed, is not enough." *See US v. Perez-Melendez*, 599 F.3d 21, 40-41 (CA1 2010) (aiding and abetting).

P.9, Last ¶: Append this phrase to Sentence Two: "and the commission of one overt act." First Cir. Pattern Inst. No. 4.18.371(1). Strike sentences 3-6 as going beyond the pattern instruction just cited.

## PROPOSED INSTRUCTION 5

P.11 (unnumbered), Last Full ¶: Strike as incompatible with the specificity of the wire fraud as charged in Count Two.

P.12, Last ¶: Strike sentences two and three as incompatible with the specificity of the wire fraud as charged in Count Two. Sentence Four improperly throws the weight of the Court's authority behind the government's theory of prosecution, imposing a rebuttable presumption that

impermissibly dilutes its burden of proof and effectively directs a verdict. In addition, Sentence Four's use of the word "another" materially misstates the law.

## PROPOSED INSTRUCTION 11

P.20, Last Full ¶: Mr. Klyushin objects to the final sentence on the grounds urged in his pretrial motion to dismiss Count Four. *See* Dkt. Nos. 96, 103.

## PROPOSED INSTRUCTION 12

P.24, ¶ 2: In Sentence 3, replace "almost never" with "rarely."

P.24, Last Full ¶: Insert this clause between the words "belief" and "that": "– even if mistaken –." *See* Dkt. No. 141 at, *e.g.*, 16.

## PROPOSED INSTRUCTION 14

P.28: Lines 13-15 improperly throw the weight of the Court's authority behind the government's theory of prosecution, imposing mandatory presumptions that impermissibly dilute its burden of proof and effectively direct a verdict.

P.29, Last Sentence: The First Circuit does not appear to have held that the district of venue needn't have been "foreseeable to the defendant" (*see* Dkt. No. 140 at 29 n.7), and courts have held or suggested otherwise. *E.g.*, *US v. Rommy*, 506 F.3d 108, 123-25 (CA2 2007) (collecting cases). The jury should be instructed accordingly – *i.e.*, that venue in the District of Massachusetts must have been foreseeable to Mr. Klyushin.

>Respectfully Submitted,
>Vladislav Klyushin,
>By His Attorney,
>
>**/s/ Maksim Nemtsev**
>Maksim Nemtsev, Esq.
>Mass. Bar No. 690826
>20 Park Plaza, Suite 1000
>Boston, MA 02116
>(617) 227-3700
>menemtsev@gmail.com
>
>**/s/ Marc Fernich**
>Marc Fernich
>Law Office of Marc Fernich
>800 Third Avenue
>Floor 20
>New York, NY 10022
>212-446-2346
>Email: maf@fernichlaw.com

Dated: January 23, 2023

## **CERTIFICATE OF SERVICE**

I, Maksim Nemtsev, hereby certify that on this date, January 23, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

>**/s/ Maksim Nemtsev**
>Maksim Nemtsev, Esq.