UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.       )<br>)<br>VLADISLAV KLYUSHIN  )<br>Defendant      )<br>) | CRIMINAL NO. 21-cr-10104-PBS<br><br>(Leave to file granted on 1/6/2023) |

### DEFENDANT VLADISLAV KLYUSHIN'S SUPPLEMENTAL REQUEST FOR *DAUBERT* HEARING AND TO EXCLUDE TESTIMONY OF MAXWELL CLARKE

Now comes the defendant Vladislav Klyushin, by and through undersigned counsel, and hereby respectfully submits this supplemental request to hold a *Daubert* hearing and exclude the statistical analyses and related testimony of SEC financial analyst Maxwell Clarke. A supplemental expert disclosure that the government provided on December 22, 2022, is attached hereto as Exhibit 1. A rebuttal expert report authored by Michael Cullan is attached hereto as Exhibit 2.

In brief, Mr. Clarke's proposed testimony lacks relevance under Fed. R. Evid. 401-02 — and any minimal relevance it might have pales against its risks of misleading and unfairly prejudicing the jury under Rule 403 — because it (1) rests on potentially erroneous and misleading data; (2) improperly uses the Fisher Exact Test and resulting P-value; and (3) hinges on a faulty premise: namely, that the stock market is a game of chance.

Specifically, Mr. Clarke proposes to testify that (1) the FA-1 and 2 trading patterns of Mr. Klyushin and his alleged coconspirators "cannot be explained by chance"; (2) the "probability of such trading occurring by chance is less than one in a trillion"; (3) "chance" can't "explain the frequency with which" the alleged conspirators "bought" and "shorted a company's shares before it significantly outperformed" or "underperformed analysts' earnings expectations,"

*[Handwritten annotation:]* 1/25/23 after a Daubert hearing, the motion to exclude the testimony of Maxwell Clarke is denied. The testimony is relevant and based on a reliable methodology (the Fisher Exact test). Mr. Clarke is qualified. I will address 403 concerns at trial. PBS Saris