UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                  )
UNITED STATES OF AMERICA          )
                                  )
        v.                        )   CRIMINAL NO. 21-cr-10104-PBS
                                  )
VLADISLAV KLYUSHIN                )
        Defendant                 )
_____)

## MOTION TO PRECLUDE TESTIMONY OF SURPRISE GOVERNMENT WITNESS OR FOR OTHER RELIEF

On Fri. Feb. 3, roughly halfway through a projected two-week trial, the government announced to the Court and defense its intent to present "surprise" venue testimony – from a witness not appearing on its witness list, due back on Jan. 23 – early next week. T. 5-95 (quoting the Court). This decree followed the government's producing new discovery the night before and then introducing an exhibit – 267 – from that discovery on highly technical matters: venue and the location of an IP address in late Oct. and early Nov. 2018.

The government has been investigating this case since Sep. 2019. It charged Mr. Klyushin in Mar. 2021. Four-and-half years have passed since the investigation began – and nearly 22 months since Mr. Klyushin was charged and arrested. The investigation generated millions of records. In fact, the enormous volume of discovery and its late production to the defense forced the Court to postpone the trial from Oct. 2022 to Jan. 2023.

It's no newsflash that venue is an issue in this case. To the contrary, the government has "known" that venue is an issue from the "get-go," as the Court noted on the record the other day. T. 4-85. Nevertheless, the government continues to try to surprise the defense with new documents – and now a surprise witness. The defense was built based on the discovery the

1

government produced and the representations the government made in its witness and exhibit lists. Obviously, the defense relied on those representations in forming its strategy.

Still, the government continues to investigate, produce and introduce newly located evidence like Ex. 267. And now it seeks to present surprise testimony from a former Micfo employee. What's more, the proposed testimony – according to a 302 prepared by Agent Hitchcock Feb. 3, during a recess in his own testimony – is dense, technical and hard to understand. There is no time to decipher or investigate it over a record-cold weekend before the government would have the witness – reportedly from Raleigh, NC (T. 5-95) – take the stand.

Worse, Mr. Nemtsev – in reliance on the government's witness list – already represented to the jury in the defense's opening statement: "[N]o one from Micfo will tell you that they took that IP address and placed it on one of their servers in Boston, Massachusetts." T. 1-85. Now, the government seeks to introduce just that – *testimony from a former Micfo employee*. As the Court also noted on the record, "[we're] supposed to have a witness list beforehand" precisely so the parties can strategize accordingly – and to prevent just this sort of unfair surprise after they do. T. 5-95-96; *see U.S. v. Gasparik*, 141 F. Supp. 2d 361, 366 (SDNY 2001) ("Had defendants learned that Hait might be a witness, even on the morning of trial, they might have adjusted their trial strategy or, at the very least, presented different opening statements."). The addition of a new exhibit has already forced the defense to rework its cross-examination of Agent Hitchcock. On top of discrediting counsel before the jury – based on representations emanating from the government's own witness list – adding a new witness will force them to retrofit the defense halfway through a two-week trial.

Because the last-minute testimony would thus "prejudice" the defense irreparably, the Court should rebuff the government's attempt to try Klyushin by ambush and preclude it. *See,*

2

*e.g.*, *id.* at 365-68 (where, as here, "[l]earning of this witness mid-trial has created both unfair surprise and prejudice" – particularly "because of the statements and representations defendants made in their opening statements" – court ordered preclusion in similar circumstances); *accord U.S. v. Taylor*, 71 F. Supp. 2d 420, 421-24 (DNJ 1999) (same; "[h]ad [defense counsel] known that the [g]overnment would present expert testimony on the fingerprint cards, she might have changed her opening statement, a portion of her cross-examination, or adopted a different trial strategy"); *cf. U.S. v. Cruz*, 156 F.3d 22, 30 (CA1 1998) (inadvertently delayed *pretrial* disclosure; plain error claim). This is especially true since it's now too late to "ask[] if the jury knows" the proposed witness, as the Court has already recognized. T. 5-95.

Failing preclusion, Klyushin deserves a mistrial declaration – and an order barring retrial on the ground that the government's Perry Mason tactics goaded him into requesting one. Klyushin should not be put to the Hobson's choice of surrendering one fundamental right – the right to have his case "finally decided by the jury first selected," *Or. v. Kennedy*, 456 U.S. 667, 672 (1982) (citation and internal quotes omitted) – in order to exercise another – the right to be tried fairly, without ambush or prejudicial surprise. *Cf. Simmons v. U.S.*, 390 U.S. 377, 394 (1968).

The defense respectfully requests this Honorable Court to decide the issue prior to the start of Agent Hitchcock's cross-examination – which is expected to start during the first part of tomorrow's day – to determine how the cross-examination topics (if at all) need to be further reworked.

Respectfully Submitted,
Vladislav Klyushin,
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

**/s/ Marc Fernich**
Marc Fernich
Law Office of Marc Fernich
800 Third Avenue
Floor 20
New York, NY 10022
212-446-2346
Email: maf@fernichlaw.com

Dated: February 5, 2023

## CERTIFICATE OF SERVICE

I, Maksim Nemtsev, hereby certify that on this date, February 5, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.