UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
UNITED STATES OF AMERICA           )
                                                )
            v.                                   )        CRIMINAL NO. 21-cr-10104-PBS
                                                )
VLADISLAV KLYUSHIN                   )
            Defendant                       )
_____)

## REPLY IN FURTHER SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF SURPRISE GOVERNMENT WITNESS OR FOR OTHER RELIEF

The government's scattershot opposition to our motion to preclude Aditi Shah's surprise testimony is, self-evidently, a study in diversion. The only claim warranting discussion is the truism that the government's witness list purported to "reserve[] the right to amend and/or supplement this list with reasonable notice to the defendant." Dkt. 178 at 5 (citation and internal quotation marks admitted).

But there's nothing "reasonable" about amending the list halfway through a two-week trial – after the defense has formed its strategy, presented an opening statement and questioned witnesses in justifiable reliance on the original list – the Fri. before a surprise witness's proposed Mon. testimony. That's especially so where, as here, the government has "known" that venue is an issue from the "get-go." T. 4-85.[1] And even assuming reasonable notice, the Court has ample

---

[1] Courts *do* reopen cases for the presentation of venue proof where the issue is uncontested, essentially to remedy technical oversights. *See* Dkt. 178 at 3-4. But venue *is* contested here, much as the government might wish it wasn't. Try as it may, the government can't just assume the dispute away. And the *Timothy Smith* cert grant belies the government's cynical attempt to reduce this important constitutional guarantee to some footnote or afterthought. *See* Dkt. 178 at 4.

discretion to *deny* the proposed amendment, as the government itself pointedly concedes. *See*

Dkt. 178 at 3 (citing *U.S. v. Cruz*, 156 F.3d 22, 30 (CA1 1998)).

If the defense puts on a case – and if any defense case challenges venue – the government

may seek to call Ms. Shah as a rebuttal witness, as in the materially indistinguishable *Gasparik*.

Respectfully Submitted,
Vladislav Klyushin,
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

**/s/ Marc Fernich**
Marc Fernich
Law Office of Marc Fernich
800 Third Avenue
Floor 20
New York, NY 10022
212-446-2346
Email: maf@fernichlaw.com

Dated: February 5, 2023

**CERTIFICATE OF SERVICE**

I, Maksim Nemtsev, hereby certify that on this date, February 5, 2023, a copy of the
foregoing documents has been served via Electronic Court Filing system on all registered
participants.

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.

2