UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>VLADISLAV KLYUSHIN )<br>        Defendant )<br>) | CRIMINAL NO. 21-cr-10104-PBS |

## MEMORANDUM OPPOSING APPLICATION OF 18 USC § 3238

Section 3238 of Title 18, US Code, has no application to Vladislav Klyushin's case.

"Art. III, § 2, cl. 3 of the Constitution provides that all criminal trials, except in cases of impeachment, 'shall be held in the State where the said Crimes shall have been committed; but *when not committed within any State*, the Trial shall be at such Place or Places as the Congress may by Law have directed.'" *Chandler v. U.S.*, 171 F.2d 921, 931 (CA1 1948) (emphasis supplied) (footnote omitted). In § 3238, titled "Offenses not committed in any district," Congress simply exercised its constitutionally reserved "power of directing by law the place of trial of crimes 'not committed within any State.'" *Id.* Thus, as the First Circuit – quoting an early opinion by Chief Justice Marshall – explained in *Chandler* itself, § 3238's materially identical precursor was "meant to be applicable to those cases where 'there is no court which has particular cognizance of the crime." *Id.*; *accord*, *e.g.*, *U.S. v. Rodriguez*, 182 F. Supp. 479, 494 (S.D. Cal. 1960) (§ 3238 specifies trial venue for "alleged criminal acts … committed in foreign countries"), *aff'd in part, rev'd in part on other grounds*, 288 F.2d 545 (CA9 1961); *U.S. v. Wan*

1

*Lee*, 44 F. 707, 709 (D. Wash. No. Div. 1890) (materially identical predecessor statute "gives the rule by which to locate the jurisdiction in criminal cases where the offenses are committed outside of any district").

Here, by contrast, it is beyond debate that the charged crimes were committed, and venue properly lies, in at least the States and districts where Toppan's and DFIN's computers were located – the places where their computers were allegedly accessed, and their confidential information ostensibly obtained, unlawfully. *See U.S. v. Auernheimer*, 748 F.3d 525, 533-35 & n.3 (CA3 2014). It follows that § 3238 doesn't apply. *Chandler* is inapt because the defendant there, an American citizen accused of committing treason abroad – broadcasting Nazi propaganda in Germany – committed no crime in any U.S. State or district. *See*, *e.g.*, 171 F.2d at 932 (recognizing that Chandler committed treason "within a foreign country"); *id.* at 928 (indictment charged Chandler with "traitorously adher[ing] to the enemies of the United States" in "various places within the German Reich"); *id.* at 927 (noting that although "recordings made by [Chandler] were beamed to the United States and frequently picked up" at an FCC monitoring station in Silver Spring, Md., "[t]o what extent his broadcasts were heard by other persons in the United States does not appear").

In any event, even if § 3238 were applicable, the government – having represented to the Court and defense throughout extensive pretrial litigation first that it would establish Massachusetts venue by geolocation evidence and later by documentary proof – is estopped from shifting gears and springing a brand new and radically different venue theory on the eve of summations. *Cf. U.S. v. Levasseur*, 846 F.2d 786, 792 (CA1 1988). Estoppel doctrines serve to

"protect the integrity of the judicial process," condemning just this sort of "playing fast and loose with the courts." *Id.* (citations and internal quotation marks omitted).

          Respectfully Submitted,

          Vladislav Klyushin,
          By His Attorney,

          **/s/ Maksim Nemtsev**
          Maksim Nemtsev, Esq.
          Mass. Bar No. 690826
          20 Park Plaza, Suite 1000
          Boston, MA 02116
          (617) 227-3700
          menemtsev@gmail.com

          **/s/ Marc Fernich**
          Marc Fernich
          Law Office of Marc Fernich
          800 Third Avenue
          Floor 20
          New York, NY 10022
          212-446-2346
          Email: maf@fernichlaw.com

Dated: February 8, 2023

## **CERTIFICATE OF SERVICE**

    I, Maksim Nemtsev, hereby certify that on this date, February 8, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

                                            **/s/ Maksim Nemtsev**
                                            Maksim Nemtsev, Esq.