UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA )
)
)
v. ) CRIMINAL NO. 21-cr-10104-PBS
)
VLADISLAV KLYUSHIN )
Defendant )
_____)

## <u>REPLY MEMORANDUM FURTHER OPPOSING APPLICATION OF 18 USC § 3238</u>

True to form, the government's answer begins by dusting off a now-familiar trope. "There is no legitimate dispute," the government insists, that its beyond belatedly proposed § 3238 instruction "applies in this type of case." Dkt. 192 at 1. But as usual, wishing the instruction's application was undisputed doesn't make it so. To the contrary, a federal judge in Virginia – in a case the government conspicuously overlooks – squarely rejected the very same argument – relying on the very same out-of-circuit precedent – it rehashes here.

Section 3238 established venue in the trial district, the government maintained in the Virginia case, "because some of defendant's criminal conduct occurred overseas" and he was "arrested" in the district.[1] "This argument fails," the court declared, "because it misreads and misconstrues § 3238."[2]

Echoing the Third Circuit *Auernheimer* decision[3] cited in our charge requests and opening papers, the court began by noting "that venue is not established under § 3238" – "by its

_____

[1] *U.S. v. Mallory*, 337 F. Supp. 3d 621, 632 (E.D. Va. 2018), *aff'd*, 40 F.4th 166 (CA4 2022), *cert. pet. filed* (Dec. 1, 2022).

[2] *Ibid.*

[3] *U.S. v. Auernheimer*, 748 F.3d 525 (CA3 2014).

own terms" – when the defendant "commits the essential conduct constituting the offense within the United States."[4] Rather, the Court continued, § 3238's "history and text" make clear that

> "the statute focuses on offense conduct outside of the United States." *United States v. Miller*, 808 F.3d 607, 619 (2d Cir. 2015).[[5]] Under § 3238, venue is proper "in the district in which the offender ... is arrested or first brought" for "all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district ...." 18 U.S.C. § 3238. For purposes of venue, an offense is "committed" where the essential conduct element of the crime took place. *United States v. Sterling*, 860 F.3d 233, 241 (4th Cir. 2017); *United States v. Smith*, 452 F.3d 323, 334-35 (4th Cir. 2006).

Here, as the Court will instruct the jury at the government's request – and consistent with *Dorozkho*[6] and *Khalupsky*[7] – the essence of the crimes charged is that Klyushin or another alleged conspirator "misrepresent[ed] their identity online to access computer systems to obtain material, nonpublic information, to trade on the confidential information."[8] And as the government concedes by eloquent silence, those essential conduct elements took place, properly conferring venue, in at least the States and districts where Toppan's and DFIN's computers were located – the places where their computers were allegedly accessed, and their confidential information ostensibly obtained, unlawfully.[9] "Therefore, because there is no evidence" that the

---

[4] *Mallory*, 337 F. Supp. 3d at 632 (citing *U.S. v. Perlitz*, 728 F. Supp. 2d 46, 57 (D. Conn. 2010)).

[5] *Miller*, on which the government chiefly relies, tellingly involved international parental kidnapping, an inherently multinational crime whose "crux" is "border crossing itself." 808 F.3d at 618.

[6] *SEC v. Dorozkho*, 574 F.3d 42, 51 (CA2 2009).

[7] *U.S. v. Khalupsky*, 5 F.4th 79 (CA2 2021).

[8] Draft Jury Instructions, Proposed Inst. 25 at 1-2 (Feb. 3, 2022).

[9] *Auernheimer*, 748 F.3d at 533-35 & n.3.

essential "conduct constituting" Klyushin's crimes "took place on the high seas or outside of the United States, § 3238 is inapplicable."

"Seeking to avoid this conclusion," the government claims, as in *Mallory*, that some of the crimes charged were continuing offenses "occurr[ing] not just in the United States but also in" Russia.[10] But *Mallory* made short work of that contention. "This argument also fails," the court explained, because it's "well-settled that when a criminal offense does not include a specific venue provision,[11] venue must be determined from the nature of the crime alleged and the location of the act or acts constituting it."[12] And again, the acts constituting the crimes alleged here involved "misrepresent[ing …] identity online to access computer systems to obtain material, nonpublic information, to trade on the confidential information."[13] It follows that the "relevant location[s] for purposes of venue in this case"[14] are those where Toppan's and DFIN's computers were allegedly accessed and their confidential information ostensibly obtained. "Because there is no evidence" that Klyushin committed these "proscribed act[s] upon the high

---

[10] *Mallory*, 337 F. Supp. 3d at 633.
[11] The securities fraud statute does include a specific venue provision, but it substantially parallels the *Anderson/Cabrales/Rodriguez-Moreno* test applied in *Mallory* and *Auernheimer*. *U.S. v. Royer*, 549 F.3d 886, 895 (CA2 2008); *see U.S. v. Anderson*, 328 U.S. 699, 703 (1946); *U.S. v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). At any rate, "[w]here multiple crimes are charged in a single indictment," venue "must be laid in a district where all the counts may be tried." *Royer*, 549 F.3d at 893-94 (citation and internal quotation marks omitted).

[12] *Mallory*, 337 F. Supp. 3d at 633 (quoting *Smith*, 452 F.3d at 334 and *U.S. v. Cabrales*, 524 U.S. 1, 6-7 (1998)) (cleaned up).

[13] Draft Proposed Jury Inst. 25 at 1-2.

[14] *Mallory*, 337 F. Supp. 3d at 633.

3

seas or outside of the jurisdiction of any State, venue is not established in the place of [his] arrest under § 3238."[15]

The "cases the government cites" – largely mirroring those it reels off pell-mell here – "do not hold to the contrary or compel a different result," *Mallory* stressed.[16] It elaborated at length:

> In *U.S. v. Kampiles,* the Seventh Circuit concluded that venue was proper in the district where the defendant was arrested on charges of delivering top secret material to a Soviet agent. 609 F.2d 1233 (CA7 1979). Importantly, the evidence in that case demonstrated that the defendant was in Greece when he met with and turned over sensitive documents to the foreign agents. *Id.* at 1236-38. Thus, venue was properly established under § 3238. *Id.* at 1238-39. And in *U.S. v. Levy Auto Parts of Can.,* the Fourth Circuit held that venue was proper under § 3238 in the district of a coconspirator's arrest because the charged conspiracy "had been fully committed outside the United States, and many acts in furtherance of it had been done in Canada, Pakistan, Greece, and Iran." 787 F.2d 946, 952 (CA4 1986). Although two of the twenty-six overt acts alleged in *Levy Auto Parts* occurred in the United States, the Fourth Circuit there found that § 3238 was not rendered inapplicable because *this domestic conduct was insubstantial, tangential, and tenuously connected to the conspiracy*. *Id.* at 951-53. The obvious difference between these cases and the instant case is that *the essential criminal conduct in those cases was committed outside of the jurisdiction of any state*….
>
> Likewise, the remaining cases the government cites are also inapposite because those cases found that *§ 3238 was properly invoked when the essential criminal conduct was committed upon the high seas or outside of the jurisdiction of the United States and any conduct occurring in the United States was insubstantial*. *See U.S. v. Jensen*, 93 F.3d 667, 670 (CA9 1996) (charges resulting from operating unseaworthy vessel on high seas); *U.S. v. Erwin*, 602 F.2d 1183, 1184 (CA5 1979) (per curiam) (charges resulting from seizure of marijuana on vessel on the high seas in the Gulf of Mexico); *U.S. v. Williams*, 589 F.2d 210, 211 (CA5 1979) (charges arising from U.S. Coast Guard seizure of marijuana on vessel on

---

[15] *Ibid.*

[16] *Ibid.*

the high seas with only one overt act committed in New York);
*U.S. v. Bin Laden*, 91 F. Supp. 2d 600, 614 (SDNY 2000) (charges
arising from bombing of U.S. embassies in Kenya and Tanzania
"that occurred exclusively outside the jurisdiction of any particular
state").

These cases are easily distinguishable from the present case
because *the government has adduced no evidence that defendant
committed the criminal conduct essential to Count 2 upon the high
seas or outside of the jurisdiction of any state*…. Here, venue
cannot be established in the Eastern District of Virginia based on
the fact that defendant was arrested there because there is *no
evidence that defendant committed the essential conduct of Count
2 outside of the jurisdiction of any State, which renders §
3231 inapplicable by its terms and its purpose*.[17]

So too here, dictating the same conclusion.[18] Certainly the government makes no attempt

to square a contrary result with the Constitution's emphatic and unqualified command, in Art.

III, § 2, cl. 3, that all criminal trials except for impeachment "*shall* be held in the State where the

said Crimes shall have been committed; but *when not committed within any State*, the Trial shall

be at such Place or Places as the Congress may by Law have directed." Nor do the only two

constitutional cases – addressing different issues and failing to engage Art. III at all – mustered

---

[17] *Ibid.* at 633-34 (emphasis supplied).
[18] The court also noted that Mallory was in the U.S. when he transmitted national defense information to Chinese agents, the "essential conduct on which venue must rest" for that offense being the information's "transmission." *Mallory*, 337 F. Supp. 3d at 632. The "essential conduct on which venue must rest" for the crimes charged here – as alleged, the fraudulent accessing of Toppan's and DFIN's computers and the unlawful obtaining of their confidential information – similarly took place in the US.

by the government.[19] If anything, one particularly pregnant passage from *Miller* raises more constitutional questions than the case purports to answer.[20]

Having investigated this case for three-and-a-half years, it is stupefying that the government saw fit to uproot Klyushin from home, family and country, drag him halfway across the world and lock him away for 22 months without nailing down a fundamental issue like venue. Even now, almost two full weeks into trial and just hours before summations, its venue theory remains a moving target, shifting by the moment. After spending day upon day and offering reams of paper trying to tie this case to Boston – forcing Klyushin to defend on that basis and wasting everyone's time in the process – the government jumped up and down and stamped its feet the other night insisting that it desperately needed to haul a newly located surprise witness, poor Aditi Shah, up here from North Carolina for still more of the same. Now, a couple days later, the government reverses course and says, "Forget all that. It was completely unnecessary. None of it mattered." If that is not an implied waiver by conduct, then nothing is. Adding insult to injury, the government blames the victim of its own heedlessness for having the temerity to counter the ever-changing venue theories it throws out, hoping one will stick.[21] The temerity, that is, to do a defense lawyer's job and put the government to its proof. Simply stated,

---

[19] *See* Dkt. 192 at 4 (citing *Miller*, 808 F.3d at 622; *U.S. v. Henson*, 2010 WL 1068152, at *2 (D. Md. Mar. 16, 2010)).

[20] *See* 808 F.3d at 619 ("The statute's text is opaque. A report of the House Judiciary Committee notes that the words 'begun or' were added to the statute in 1948 'to clarify [the] scope of this section and section 3237 of this title.' Revision of Title 18, United States Code, H.R.Rep. No. 304, at A161 (1947). But unfortunately, we are able to derive little clarification as to the scope of § 3238 from the amendment. *See Levy, 787 F.2d at 950* (describing the Revisor's Note as 'cryptic')").

[21] Dkt. 192 at 1-2 ("[A]s the evidence mounts that defendant is guilty of the charged crimes, he has attempted to avoid responsibility for those crimes *here*. In his [sic] latest venue bid …").

the government lacks credibility on this issue.[22] Failing preclusion, Klyushin thus deserves a

mistrial declaration – and an order barring retrial on the ground that its latest about-face goaded

him into requesting one.

<div style="margin-left: 45%;">

Respectfully Submitted,
Vladislav Klyushin,
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

**/s/ Marc Fernich**
Marc Fernich
Law Office of Marc Fernich
800 Third Avenue
Floor 20
New York, NY 10022
212-446-2346
Email: maf@fernichlaw.com

</div>

Dated: February 9, 2023

---

[22] Faulting Klyushin for discussing a 1948 case – the only authority the government bothered to cite in springing an entirely new and radically different venue theory during yesterday's charge conference – is the height of speciousness. Dkt. 192 at 3 n.1

## **CERTIFICATE OF SERVICE**

I, Maksim Nemtsev, hereby certify that on this date, February 9, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.