UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VLADISLAV KLYUSHIN,<br>　a/k/a "Vladislav Kliushin"<br>IVAN ERMAKOV,<br>　a/k/a "Ivan Yermakov," and<br>NIKOLAI RUMIANTCEV,<br>　a/k/a "Nikolay Rumyantsev,"<br><br>　　　　　Defendants | 21-cr-10104 (PBS) |

### REQUEST FOR JURY INSTRUCTION ON VENUE UNDER 18 U.S.C. § 3238

Congress specifically enacted a broad statute to establish venue for federal crimes that are begun or committed from foreign countries. *See* 18 U.S.C. § 3238. The government respectfully requests that the Court instruct the jury consistent with that statute.

Specifically, the government requests that the Court give the following jury instruction on venue under 18 U.S.C. § 3238, in addition to the Court's remaining venue instructions:

> Alternatively, under Title 18, United States Code, Section 3238, where an offense is begun or committed outside the jurisdiction of any particular state or district, venue for the prosecution of the offense is established in the district where the defendant is arrested or is first brought. Accordingly, for venue to be established under that statute in this case, the government must prove that it is more likely than not that: (i) the offense was begun or committed outside of the United States; and (ii) the defendant was first brought to the District of Massachusetts. This venue instruction under Section 3238 is independent of my prior venue instructions, and the government need only prove venue under one of those instructions.

There is no legitimate dispute that this instruction is legally correct or that it applies in this type of case. But as the evidence mounts that the defendant is guilty of the charged crimes, he has attempted to avoid responsibility for those crimes *here*. In his latest venue bid, he advances three

arguments why the Court should disregard a Congressionally enacted statute that is explicitly authorized by Article III.  *See* Dkt. 191.

First, the defendant contends that venue under Section 3238 is mutually exclusive of other venue statutes, and that it applies only where a defendant cannot be charged in any other district.  That is not the law.  Venue under Section 3238 is not mutually exclusive of other venue statutes or other venues—and every circuit to address the precise argument that the defendant advances here has rejected it.  *See, e.g.*, *United States v. Miller*, 808 F.3d 607, 620 & n.9 (2d Cir. 2015) ("[W]e do not think that venue becomes improper under § 3238 simply because it might also have been properly laid elsewhere pursuant to [other venue statutes]."); *United States v. Levy Auto Parts of Canada*, 787 F.2d 946, 951 (4th Cir. 1986) (same); *United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979) ("A "suggestion that venue is proper under § 3237(a) will not serve to divest venue from another judicial district if venue is [also] proper in that district under [§ ] 3238."); *see also United States v. Jensen*, 93 F.3d 667, 671 (9th Cir. 1996) (Fletcher, J., concurring) ("That the defendants also operated their vessels within the District of Alaska does not remove section 3238's applicability—the alleged offense was still 'begun or committed' upon the high seas during the period charged.").

District courts around the country have also rejected the defendant's strained interpretation of Section 3238.  *See, e.g.*, *United States v. Oseguera Gonzalez*, 2020 WL 6342948, at *3 (D.D.C. Oct. 29, 2020) (explaining that Section 3238 is not "mutually exclusive" of other venue statutes and that "venue might be proper under § 3237(a) or § 3238, or both"); *United States v. Hassanshahi*, 185 F. Supp. 3d 55, 60 (D.D.C. 2016) ("[B]ecause § 3238 is not an express exception to § 3237(a), venue in this District does not become improper simply because venue might also be proper elsewhere under § 3238.").  Judge Sand—who wrote the

hornbook treatise on jury instructions—held that "Section 3238 is an appropriate basis for venue so long as the international conspiracy offense in question *began* outside the United States" regardless of whether venue could have been established in other districts. *United States v. Bin Laden*, 146 F. Supp. 2d 373, 381 (S.D.N.Y. 2001) (emphasis in original). And well-established treatises have also recognized that the defendant's argument is unavailing. *See, e.g.*, 2 Charles Alan Wright, *Federal Practice and Procedure* § 304 (3d ed. 2000) ("[§ 3238] is a continuing-offense statute. If an offense is begun or committed . . . out of the jurisdiction of any particular state or district, venue is proper in which the offender is arrested or first brought even though parts of the crime were committed in some other district so that venue might have been proper there."). Simply put, this argument is not close, and the defendant has unsurprisingly not pointed to one case adopting his reading of Section 3238.[1]

Second, the defense in court today raised constitutional concerns with Section 3238. But surely, were there any concern that Section 3238 poses constitutional issues, one of the more-than 300 cases citing the statute across the country would have raised it. None has, and scores of cases have applied the plain language of Section 3238 in this situation. *See, e.g.*, *United States v. Valencia Rugeles*, 2007 WL 1540981, at *2 (S.D.N.Y. May 24, 2007) (venue proper despite "lack of specific reference to conduct in this district" because "defendant was extradited from Curacao into the United States and first entered the United States within the Southern District of New York") (collecting cases); *Bin Laden*, 146 F. Supp. 2d at 381 ("[S]ection 3238 is an appropriate basis for venue so long as the international conspiracy offense in question *began*

---

[1] The three cases the defendant cites—from 1960, 1948, and 1890—do not stand for the proposition that venue under Section 3238 is proper only where the prosecution cannot be brought in any other district. *See* Dkt. 191 at 1-2. The defendant's selective quotation of those cases speaks for itself.

outside the United States, irrespective of the fact that a few of the alleged overt acts of the conspiracy were later committed inside the United States.") (emphasis in original).  Indeed, the plain text of Article III explicitly authorized Congress to enact a statute like Section 3238: "such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."  U.S. Const. art. III, § 2, cl. 3.  And consistent with the framers' language, Congress passed such a statute, which courts have explicitly upheld against constitutional challenges.  *See, e.g.*, *United States v. Henson*, 2010 WL 1068152, at *2 (D. Md. Mar. 16, 2010) (rejecting constitutional challenge to Section 3238); *see also United States v. Miller*, 808 F.3d 607, 622 (2d Cir. 2015) (finding "constitutional comfort" with venue under Section 3238).

<u>Third</u>, the defense retreats to "estoppel."  Dkt. 191 at 2-3.  This argument is as logically unsound as it is without precedent.  To be clear: the defense asks this Court to ignore a statute providing for venue in this precise type of case, and to hamstring the government from introducing evidence to prove it.  And its basis for doing so is because (i) the government also introduced evidence of venue under an alternative theory, and (ii) *the defense* gambled in its opening statement and promised the jury that this evidence was insufficient.  The government pleads—and proves—various facts and elements in the alternative on a routine basis in this District and elsewhere.  What is the defense's only authority for asking this Court to invoke "judicial estoppel" to disregard a federal statute and prevent the jury from hearing facts that indisputably satisfy that statute?  A "cf." citation to a case in which the First Circuit *reversed* Judge Young for exercising judicial estoppel, and in which the First Circuit declined to even consider whether judicial estoppel "may ever be invoked against the government in a criminal case."  *United States v. Levasseur*, 846 F.2d 786, 795 (1st Cir. 1988).  And, in any event, judicial

4

estoppel applies only to prevent a "party from asserting a position in one legal proceeding which is *contrary to* a position it has already asserted in another." *United States v. Owens*, 933 F. Supp. 76, 81 (D. Mass. 1996) (Young, J.) (emphasis added). Attempting to prove venue in two different, alternative ways, and requesting jury instructions consistent with a federal statute, is hardly taking a "contrary . . . position."

For the foregoing reasons, the government respectfully requests that the Court instruct the jury on venue under 18 U.S.C. § 3238 in addition to its other venue instructions.

                                        Respectfully submitted,

                                        RACHAEL S. ROLLINS
                                        United States Attorney

                                By: */s/ Stephen E. Frank*
                                        STEPHEN E. FRANK
                                        SETH B. KOSTO
                                        Assistant U.S. Attorneys

Date:   February 8, 2023