UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 21-cr-10104-PBS |
| | ) | |
| VLADISLAV KLYUSHIN | ) | |
| Defendant | ) | |
| | ) | |

**SUPPLEMENTAL MEMO FURTHER OPPOSING APPLICATION OF 18 USC § 3238**

Supplementing all his prior oral and written objections to application of 18 USC § 3238 in this case, Vlad Klyushin offers two additional ones.

1. Applying § 3238 would prejudicially vary the indictment. *See generally, e.g.*, *U.S. v. Dellosantos*, 649 F.3d 109 (CA1 2011). The indictment contains a total of three specific venue allegations, each incorporated by reference in all four counts. Paragraph 19 says:

> On or about October 22, 2018, ERMAKOV or another conspirator used the FA 2 Employee Credentials to obtain unauthorized access to the computer network of Filing Agent 2 *through an IP address located in Boston, Massachusetts* and to view the quarterly financial results of Capstead Mortgage Corp. ("Capstead"), the securities of which are publicly traded on the NYSE. The Capstead results had not yet been filed with the SEC or publicly disclosed. (Emphasis supplied.)

Paragraph 22 says:

> On or about October 24, 2018, ERMAKOV or another conspirator used the FA 2 Employee Credentials to obtain unauthorized access to the computer network oof Filing Agent 2 *via another Boston IP address (collectively, "the Boston IP Addresses"*), and to view the quarterly financial results of Tesla, Inc. ("Tesla"), the securities of which are publicly traded on the NASDAQ. (Emphasis supplied.)

Paragraph 45 says, in part:

> On or about October 24, 2018, in the District of Massachusetts and elsewhere, the defendants … [fraudulently transmitted] the FA 2

> Employee Credentials … *via the Boston IP Addresses*[] to one or more computer servers outside of Massachusetts in order to obtain unauthorized access to the computer network of Filing Agent 2. (Emphasis supplied.)

These allegations plainly intended and served to assert conduct-based venue in Boston. And Klyushin designed his defense accordingly, to discredit them. Nothing in the indictment – much less the government's original requests to charge or any of the proceedings to date – provided the slightest notice that the government also intended to assert venue under § 3238, the so-called "high seas" provision. Allowing the government now to advance that theory, first announced after the government rested, would impermissibly expand the bases for conviction and retroactively undermine Klyushin's defense, to his immense detriment.

    2.    "The government must prove, for each offense, that venue is proper in th[is[ District." Draft Jury Instructions, Inst. 28 – Venue at 1 (Feb. 3, 2023). And "[w]here multiple crimes are charged in a single indictment," venue "must be laid in a district where all the counts may be tried." *U.S. v. Royer*, 549 F.3d 886, 893-94 (CA2 2008).

Count One (multi-object conspiracy) is a continuing offense, subject to 18 USC § 3237(a). As charged in the indictment, counts Two (wire fraud) and Three (computer fraud) – each alleging discrete point-in-time offenses begun and completed in a single instant on a single day – are not, so venue must be established for them by other means. Count Four (securities fraud) has its own statutory venue provision, supplanting both §§ 3237 and 3238 as to that charge. *Royer*, 549 F.3d at 895.

    Respectfully submitted,

    Vladislav Klyushin,
    By His Attorney,

    **/s/ Maksim Nemtsev**
    Maksim Nemtsev, Esq.
    Mass. Bar No. 690826
    20 Park Plaza, Suite 1000
    Boston, MA 02116
    (617) 227-3700
    menemtsev@gmail.com

    **/s/ Marc Fernich**
    Marc Fernich
    Law Office of Marc Fernich
    800 Third Avenue
    Floor 20
    New York, NY 10022
    212-446-2346
    Email: maf@fernichlaw.com

Dated: Feb. 9, 2023

## **CERTIFICATE OF SERVICE**

    I, Maksim Nemtsev, hereby certify that on this date, January 5, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

                                            **/s/ Maksim Nemtsev**
                                            Maksim Nemtsev