UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VLADISLAV KLYUSHIN,<br>   a/k/a "Vladislav Kliushin"<br>IVAN ERMAKOV,<br>   a/k/a "Ivan Yermakov," and<br>NIKOLAI RUMIANTCEV,<br>   a/k/a "Nikolay Rumyantsev,"<br><br>   Defendants | 21-cr-10104 (PBS) |

## MOTION IN LIMINE TO ADMIT STATEMENTS OF THE DEFENDANT

The government respectfully requests that the Court permit it to offer into evidence a statement of the defendant in a WhatsApp communication to one of his investors (Exhibit Y), as well as a photograph attached to and referenced in that communication (Exhibit X). The government seeks to show the photograph to the jury as part of its opening statement.

The exhibits are relevant and probative of the defendant's close relationship with his co-conspirator, Ivan Ermakov, and of their relationship with two of their investors, Boris Varshavskiy and Sergey Uryadov, as well as Klyushin's and Ermakov's involvement in the charged hack-to-trade conspiracy. The exhibits also rebut the defense that Ermakov did not work at the defendant's company, M-13. The exhibits pose no danger of unfair prejudice, as the defense contends, much less to an extent that substantially outweighs their probative value and requires their exclusion. Fed. R. Evid. 403. As the First Circuit has repeatedly held, employing Rule 403 to exclude probative evidence "must be cautious and sparing" because trials should not "be conducted on

2/16/23
Allowed in part
as stated in trial.
 /s/ Paul B Saris