UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VLADISLAV KLYUSHIN,<br>  a/k/a "Vladislav Kliushin"<br>IVAN ERMAKOV,<br>  a/k/a "Ivan Yermakov," and<br>NIKOLAI RUMIANTCEV,<br>  a/k/a "Nikolay Rumyantsev,"<br><br>          Defendants | 21-cr-10104 (PBS) |

## MOTION IN LIMINE TO PRECLUDE IMPROPER IMPEACHMENT

Pursuant to Fed. R. Evid. 609 and 806, the United States respectfully requests that the Court preclude the defendant from impeaching government witnesses with evidence that Micfo was convicted of conduct entirely unrelated to Micfo invoices reflecting the use of Boston-based IP addresses. Fed. R. Evid. 609 only permits impeachment by evidence of a corporate conviction if the witness to be impeached was involved in the conduct underlying the conviction. Because Micfo's conviction had nothing to do with its invoices for services provided, the conviction is not admissible to impeach a records custodian or a document authenticated by a records custodian. Fed. R. Evid. 806 is inapplicable—because it only permits the use of *admissible* evidence to impeach a hearsay declarant, even assuming the invoice is hearsay (which it is not). Finally, the probative value of Micfo's conviction is, in any event, substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and creating a mini-trial. *See* Fed. R. Evid. 403.

2/16/23
I deny. Defense is allowed to ask about Micfo's fraud conviction. PBS