UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 21-cr-10104-PBS |
| VLADISLAV KLYUSHIN<br>Defendant | ) | |

**SUPPLEMENTAL MEMORANDUM FURTHER SUPPORTING
MOTION TO ACQUIT FOR IMPROPER VENUE**

Today's Supreme Court opinion in *Smith v. U.S.*, No. 21-1576, bolsters Vladislav Klyushin's pending Rule 29 motion in several principal respects.

**First**, *Smith* confirms that the Constitution's Venue and Vicinage clauses are "keyed to the location of the alleged 'Crimes'" – the "place where" they "occurred" or were "allegedly committed." Slip Op. at 5, 6, 8. And as this Court expressly instructed Klyushin's jury, the place of commission is determined by reference to the crime's essential conduct elements. For reasons previously explained, the chance Boston location of an intermediate VPN server – a passive conduit for packets of information – falls far short of essential offense *conduct* as a matter of law. *See id.* at 6 (stressing that "a trial may be held where any part of a crime" committed in multiple states "can be proved to have been *done*") (emphasis supplied) (cleaned up).

**Second**, *Smith* likewise reaffirms that the "right" to be tried in the place of commission was "highly prized by the founding generation" and "undoubtedly inspired the Venue and Vicinage Clauses." *Id.* at 10. Indeed, there is "no question that the founding generation enthusiastically embraced the vicinage right and wielded it as a political argument of the

Revolution." *Id.* at 8 (footnote and internal quotation marks omitted); *accord id.* at 11 (noting that common law juries "lacked authority to convict outside of their vicinage"); *id.* at 8 (finding "no rule better established" than this one) (citation and internal quotation marks omitted).

**Third**, where, as here, all agree that venue properly lies in the districts housing DFIN's and Toppan's protected computers, *Smith* buttresses Klyushin's claim that 18 USC § 3238, the high-seas venue statute, is unconstitutional as applied to the Count One conspiracy charged in this case. *See* Slip Op. at 12 ("Because the crime occurred outside of New Jersey, trial in that State was proper *under the Venue and Vicinage Clauses* only if the crime was committed outside the limits of *any* State.") (first emphasis supplied) (discussing *US v. Jackalow*, 1 Black 484 (1862)).[1]

**Fourth**, *Smith* reiterates that a vacatur of judgment based on venue violations does not require a finding of hardship to the defendant. "[T]he Clause does not allow 'variation . . . for convenience of the . . . accused[,]' and certainly does not allow for variation for the convenience of the government. *See* Slip Op. at 5 (internal citation omitted). That Klyushin was not concretely harmed by the government's venue choice is irrelevant. A violation of the Venue and Vicinage Clauses requires vacatur.

---

[1] Since Stackpath and Strong VPN have never been designated coconspirators in this case, *Smith* rebuffs the government's last-gasp effort at oral argument to bootstrap venue through any actions those entities may have taken in Boston. *See Smith*, slip op. at 6 (reiterating that "the Venue Clause permits a defendant charged with conspiracy to be tried in any State in which any *co-conspirator* took any overt act in furtherance of the endeavor") (emphasis supplied). Similarly, because the internet and ubiquity of VPNs pose unique venue challenges, *see US v. Auernheimer*, 748 F.3d 525 (CA3 2014), it is of no moment that "a defendant charged with illegally shipping goods may be tried in any State through which the goods were illegally transported." *Smith*, slip op. at 6.

**Fifth,** with *Smith* authorizing retrial in an appropriate jurisdiction when a jury verdict is vacated for improper venue, granting the pending motion will neither afford Klyushin a windfall – real or perceived – nor impair any legitimate interest of the government or public.

If a British loyalist in the Bahamas sent a secret, coded message by carrier pigeon to Benedict Arnold in New York and the bird – of its own accord, perhaps even to avoid Yankee detection – flew a circuitous route, making an unexpected detour through New Hampshire along the way, the Framers wouldn't and couldn't have imagined trying Arnold and his cohort for treason in the latter state. Because this case's Boston VPN server is the modern digital equivalent of that hypothetical's New Hampshire, Klyushin's conviction cannot stand.

        Respectfully submitted,

        Vladislav Klyushin,
        By His Attorney,

        **/s/ Maksim Nemtsev**
        Maksim Nemtsev, Esq.
        Mass. Bar No. 690826
        20 Park Plaza, Suite 1000
        Boston, MA 02116
        (617) 227-3700
        menemtsev@gmail.com

        **/s/ Marc Fernich**
        Marc Fernich
        Law Office of Marc Fernich
        800 Third Avenue
        Floor 20
        New York, NY 10022
        212-446-2346
        Email: maf@fernichlaw.com

Dated: Jun. 15, 2023

4

**<u>CERTIFICATE OF SERVICE</u>**

      I, Maksim Nemtsev, hereby certify that on this date, Jun. 15, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

      **<u>/s/ Maksim Nemtsev</u>**
      Maksim Nemtsev, Esq.