UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )     21-cr-10104-PBS |
| VLADISLAV KLYUSHIN, | )<br>) |
| Defendant | )<br>) |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
OPPOSING MOTION TO ACQUIT FOR IMPROPER VENUE**

In *Smith v. United States*, the Supreme Court held simply that the Constitution permits retrial when a conviction is reversed because the prosecution occurred in the wrong venue. 599 U.S. ___, 2023 WL 4002949, *1 (Jun. 15, 2023). Across sixteen pages discussing the retrial right under common law, the Constitution, and 19th century American precedent, the unanimous Court said nothing that should disturb the jury's verdict in defendant Vladislav Klyushin's case, including its finding of venue consistent with this Court's instructions. To the contrary, *Smith* affirms that "many federal crimes occur in multiple States" and that the Constitution permits prosecution in any of them. Indeed, while venue was lacking in *Smith* itself because there were no wires sent from, through, or into the district of prosecution, the trial evidence here established the existence of a Massachusetts server to which, through which, and from which wires were sent in furtherance of the charged crimes—making venue appropriate as to each of the counts in the Indictment. *See* 18 U.S.C. § 3237; 15 U.S.C. § 78aa. The Court should accordingly deny Klyushin's motion to acquit.

In *Smith*, the Court reaffirmed that "a trial may be held where any part of a crime can be proved to have been done." Slip. Op. at 6 (citing *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1999)) (internal quotations omitted). The Court cited *Armour Packing Co. v. United States*, 209 U.S. 56, 76-77 (1908), for the proposition that "a defendant charged with illegally shipping goods may be tried in any State through which goods were illegally transported." *Smith*, Slip. Op. at 6. *Armour Packing* involved a rail shipment from Kansas City, Kansas to New York City. The Court, citing a venue statute that, like 18 U.S.C. § 3237, permitted prosecution in any district "through which the transportation may have been conducted", held that the Western District of Missouri was one of any number of appropriate venues for the trial. *Armour Packing*, 209 U.S. at 74. Although Klyushin suggests that "the Internet and the ubiquity of VPNs" renders *Armour Packing*'s holding "of no moment", Dkt. 236 at 2 n.1, that is not true. In fact, *Smith*'s 115-year old holding specifically accounted for Congress' ability to regulate venue over crimes of interstate commerce in the face of emerging technologies:

> [T]his is a large country, and the offense under consideration is one which may be constantly committed through its length and breadth. This situation arises from modern facilities for transportation and intercommunication in interstate transportation, and considerations of convenience and hardship, while they may appeal to the legislative branch of the government, will not prevent Congress from exercising its constitutional power in the management and control of interstate commerce.

209 U.S. at 77.

This Court should reject Klyushin's contention that a "chance Boston location" of a VPN resulted in his prosecution in Massachusetts. (Dkt. 236 at 1). That is nothing more than his argument for a foreseeability requirement under another name—an argument that the Third, Fourth, and Ninth Circuits have rejected, and that this Court likewise properly rejected in crafting its instructions to the jury. Moreover, even if venue foreseeability were required, the evidence showed that Klyushin and his conspirators purposefully used a VPN service to conceal the source

2

of their hacking, and to make it appear that their transmissions originated in the United States. Having selected technology that made him appear to be accessing the victim's servers from domestic computers, Klyushin can hardly complain that he has been prosecuted where trial evidence established that the concealing technology was physically located.[1]

Courts in any event routinely find venue based on "chance" facts over which defendants and their coconspirators have no control. In *Bauer v. United States*, for example, the court held on collateral review that venue for wire fraud in an insider trading case was proper in New Jersey where trades the defendant initiated in New York were completed on servers located in New Jersey. 2018 WL 4145901, *3 (D.N.J. Aug. 30, 2018). In *United States v. Johnson*, venue over a securities fraud charge was proper in the Eastern District of Virginia, where the SEC hosted a server that received the defendant's fraudulent filing, even assuming the defendant could not have reasonably foreseen the document's destination. 510 F.3d 521, 526 (4th Cir. 2007). In *United States v. Carpenter*, venue was appropriate in Massachusetts for a particular wire fraud count only because a wire from New Hampshire to Pennsylvania happened to be "cleared through the Federal Reserve Bank in Boston". *See also United States v. Goldberg*, 830 F.2d 459, 465 (3d. Cir. 1987) ("no doubt under § 3237 that venue was proper" in Eastern District of Pennsylvania where wire transfer of funds from New York to Wilmington, Delaware passed through the Federal Reserve

---

[1] While foreseeability is not required, the trial record does not, in any event, support Klyushin's contention that the wires in furtherance of his crimes traveled at random from, to, and through Massachusetts. If anything, the trial evidence taken in the light most favorable to the government reasonably supported the opposite inference. That evidence showed that the Boston IP addresses were assigned to a server on Summer Street, that Julie Soma's credentials were transmitted from that Massachusetts server to DFIN's servers to gain unauthorized access, that the stolen MNPI was transmitted back to the Massachusetts server and through it to the conspirators in Russia, and that, according to Jacob Wall's testimony, Stackpath and its affiliates (IPVanish and StrongVPN) advertised the location of their servers on their websites so that users like Klyushin and his coconspirators could *choose* service in a particular geographic area. (Trial Tr. 7-25 through 7-27).

Bank in Philadelphia). "Venue is proper in any district through which electronic communications in furtherance of the conspiracy passed. There is no meaningful difference between automatic routings of funds or wire communications and the movement of electronic messaging …. If an electronic wire gives rise to venue in a district by merely passing through, so too do electronic tweets." *United States v. Mackey*, 2023 WL 363595 (E.D.N.Y. Jan. 23, 2023). Klyushin's invocation of *United States v. Aurenheimer* remains inapposite because unlike this case, *Aurenheimer* involved no wires sent to, from, or through the District of New Jersey. 748 F.3d 525 (3d Cir. 2014).

Finally, it does not matter that this case could have been brought in Minnesota or Illinois, or that it could have been brought in any of the several districts through which Klyushin routed his scheme.[2] The evidence at trial supported venue in Massachusetts by a preponderance of the evidence, as the properly instructed jury found. *See United States v. Smith,* 452 F.3d 323, 334 (4th Cir.2006) ("Where venue requirements are met, the prosecution may proceed in that district, notwithstanding the possibility that the gravamen of the wrongdoing took place elsewhere.").

---

[2] Klyushin also cites *Smith*, in passing, for the proposition that 18 U.S.C. § 3238, the so-called "high seas" venue statute, is unconstitutional as applied because it is implicated "only if the crime was committed outside the limits of *any* state". Dkt. 236 at 2 (citing *Smith*, slip op. at 12). But neither *Smith* nor the case it discussed, *United States v. Jackalow*, 1 Black 484 (1862), concerned section 3238, and the Supreme Court does not invalidate acts of Congress *sub silentio*. Other courts have in any event refused to hold that section 3238 is "restricted to offenses wholly committed outside the jurisdiction of the United States…." *United States v. Miller*, 808 F.3d 607, 619–620 (2d Cir. 2015) (rejecting argument "that venue becomes improper under § 3238 simply because it might also have been properly laid elsewhere pursuant to § 3237(a)"); *see also United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979) (rejecting as "erroneous" argument "that if venue is proper under 18 U.S.C. § 3237(a), venue cannot be proper under § 3238," and noting that "[t]he venue statutes are not mutually exclusive").

The Court should not disturb the jury's verdict.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ Seth B. Kosto
  STEPHEN E. FRANK
  SETH B. KOSTO
  Assistant U.S. Attorneys

Date:   June 21, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Seth B. Kosto
SETH B. KOSTO
Assistant U.S. Attorney

Date: June 21, 2023