UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> VLADISLAV KLYUSHIN </br>          Defendant | ) </br> ) </br> ) </br> ) </br> )   CRIMINAL NO. 21-cr-10104-PBS </br> ) </br> ) </br> ) </br> ) </br> ) |

### SECOND SUPPLEMENTAL MEMORANDUM FURTHER SUPPORTING MOTION TO ACQUIT FOR IMPROPER VENUE

Seizing on the Court's request at oral argument for one- or two-page letters addressing *Smith*'s[1] impact, if any, on Vladislav Klyushin's pending Rule 29 motion, the government has filed a five-page brief whose vast bulk – from roughly the middle of Page Two forward – seeks to relitigate the motion on the merits. No matter. The predictable ruse falls as flat as the government's reheated claims.

**First**, as defense counsel made crystal clear at oral argument and the Court readily appreciated, Klyushin's motion has nothing to do with "foreseeability" (*see* ECF 237 at 2-5) and everything to do with the government's failure to prove *any* essential offense conduct occurring in this district – foreseeable or not. *See U.S. v. Cabrales*, 524 U.S. 1 (1998) (holding even underlying drug trafficking activity, though an actual offense element as the specified unlawful activity generating laundered proceeds, a mere "circumstance element" – rather than an essential *conduct* element – of charged money laundering crimes for venue purposes); *accord U.S. v. Rodriguez-Moreno*, 526 U.S. 275, 280 n.4 (1999) (so construing *Cabrales*).

---

[1] *Smith v. U.S.*, No. 21-1576, 599 U.S. ___ (Jun. 15, 2023).

**Second**, the nonbinding cases the government cites to knock down its foreseeability strawman (*see id.* at 3-4) are similarly inapt; none deal with the essential offense conduct the Court's controlling venue instructions correctly required – to the government's ongoing chagrin – as to all four indictment counts. *Cf. U.S. v. Bauer*, Civil Action No. 14-4166 (KSH), 2018 WL 4145901, at *3 (D. N.J. Aug. 30, 2018) (unpublished) (subject transactions "did *not* simply 'pass through' this district, but were actually completed here") (emphasis supplied); *U.S. v. Johnson*, 510 F.3d 521, 524 (CA4 2007) (construing specific statutory venue provision for securities fraud, 15 USC § 78aa, long since waived by the government [*see* ECF 228 at 2 n.3]); *U.S. v. Carpenter*, referenced without citation at Page Three of the government's brief (adopting expansive wire fraud venue theory expressly considered by DOJ computer crime manual in warning where, as here, "the path of transmissions is unpredictable, a court may find it difficult to conclude that a crime was committed in a district merely because packets of information happened to travel through that district" [*see* ECF 228 at 7-8]); *U.S. v. Goldberg*, 830 F.2d 459 (CA3 1987) (similar; manual *specifically cited* case in issuing latter warning); *U.S. v Mackey*, No. 21-CR-80 (NGG), __ F. Supp. 3d __, 2023 WL 363595 (EDNY Jan. 23, 2023) (previously discussed and distinguished [*see* ECF 228 at 7 n.31]).

**Third**, notwithstanding the government's characteristic bluster, no one suggests that *Smith* "invalidate[d]" the high-seas venue statute, 18 USC § 3238, "*sub silentio*." ECF 237 at 4 n.2. What we said – accurately and without contradiction – is this: in reaffirming that trial in a state lacking essential offense conduct is "proper *under the Venue and Vicinage Clauses* only if the crime was committed outside the limits of *any* State," *Smith* "buttresses Klyushin's claim" that § 3238 is "unconstitutional as applied to the Count One conspiracy charged in this case." ECF 236 at 2; *cf. Dubin v. U.S.*, No. 22-10, 599 U.S. __, slip op. at 8 (Jun. 8, 2023) (reiterating

ancient maxim that a statute's title – like § 3238's "Offenses not committed in any district" – is an available tool for resolving doubt about its meaning).

**Fourth**, though the government patly equates the internet and ubiquity of VPNs with ordinary shipments in interstate commerce (*see* ECF 237 at 2), the Supreme Court has repeatedly recognized that modern digital technology presents unique constitutional challenges hitherto unimaginable – and fashioned new rules accordingly. *See, e.g.*, *Riley v. Cal.*, 573 U.S. 373, 385-86 (2014); *Carpenter v. U.S.*, 138 S. Ct. 2206 (2018).

**Fifth**, after admitting during the May 23, 2023, motion hearing that the trial record is silent on the issue of choice – *i.e.*, whether Klyushin or anyone using StackPath's services "could *choose* service in a particular geographic area," Dkt. 237 at 3 n.1 – the government now reverses course and tries to take the opposite tack. It thus posits that previously absent evidence viewed "in the light most favorable to the government reasonably" supports the proposition that "Klyushin and his coconspirators" *could* so choose. *Id.* The government's flawed argument rests on testimony from Jacob Wall "that…StackPath…advertised the location of their servers on their websites…" *Id.* While that may be true, the government omits that the defense attempted to elicit testimony (which the government objected to) from Mr. Wall that StackPath and Strong VPN, the company that purportedly subleased the IP, did not advertise the availability of any servers in Boston during the relevant period. Tr. 7:27-28. Ultimately, the defense's expert J-Michael Roberts testified, based on historical internet archives, that Strong VPN did *not* advertise the availability of any Boston-based servers during Sep. 2018 or Mar. 2019 – the periods immediately preceding and following the pivotal Oct.-Nov. 2018 intrusions. Tr. 9:37-38.

By the government's own logic, then, no one – not Klyushin, an alleged coconspirator or anyone else – using StackPath's services would have known or could have chosen the Boston

server during October and November of 2018. Rather, all the evidence, even in the light most favorable to the government, continues to support the conclusion that "Beantown played nothing more than a bit part or cameo role in this case: one of a chance locale that allegedly happened to associate to an intermediate IP address *assigned at random* by a Virtual Private Network (VPN)." Dkt. 228 at 3.[2]

More than enough ink and words have been spilled over this issue. Having consciously chosen to roll the dice on a novel and tenuous venue theory, the government brought this case in the wrong place. Dismissal is long overdue.

Respectfully submitted,

Vladislav Klyushin,
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

**/s/ Marc Fernich**
Marc Fernich
Law Office of Marc Fernich
800 Third Avenue
Floor 20
New York, NY 10022
212-446-2346
Email: maf@fernichlaw.com

Dated: Jun. 21, 2023

---

[2] Fortifying this conclusion is the absence of "evidence that Klyushin or any putative coconspirator signed up for or used any services of StackPath." Dkt. 228 at 3-4.

## **CERTIFICATE OF SERVICE**

      I, Maksim Nemtsev, hereby certify that on this date, Jun. 21, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

                                                **/s/ Maksim Nemtsev**
                                                Maksim Nemtsev, Esq.