UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 21-10104-PBS |
| ) | |
| VLADISLAV KLYUSHIN, ) | |
| a/k/a "Vladislav Kliushin," ) | |
| Defendant. ) | |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**SARIS, D.J.**

WHEREAS, on April 4, 2021, a federal grand jury sitting in the District of Massachusetts returned a four count Indictment, charging defendant Vladislav Klyushin, a/k/a "Vladislav Kliushin" (the "Defendant"), and others, with Conspiracy to Obtain Unauthorized Access to Computers, and to Commit Wire Fraud and Securities Fraud, in violation of 18 U.S.C. § 371 (Count One); Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); Unauthorized Access to Computers; Aiding and Abetting, in violation of 18 U.S.C. §§ 1030(a)(4) and 2 (Count Three); and Securities Fraud; Aiding and Abetting, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5; 18 U.S.C. § 2 (Count Four);

WHEREAS, the Indictment included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses charged in Counts One, Two, and Four of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses;

WHEREAS, the Indictment also included a Computer Intrusion Forfeiture Allegation, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses set forth

in Counts One and Three of the Indictment, of any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses; and, any personal property used, or intended to be used, to commit, or to facilitate the commission of, such offenses, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses;

WHEREAS, the Indictment's forfeiture allegations also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), each incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described above;

WHEREAS, on February 14, 2023, after a twelve-day jury trial, a jury found the defendant guilty on each of the four counts of the Indictment;

WHEREAS, based on the evidence and testimony presented at trial, the Defendant personally obtained $20,902,031 USD in total profit from the trading offenses; his company, M13,[1] obtained $1,880,502 USD in total profit from the trading offenses (*see id.*), and the

---

[1] The Defendant stated, under oath, at his initial appearance that he is the owner of M13. *See* Transcript Excerpt of December 20, 2021 Initial Appearance at p. 15; *see also* Presentence Investigation Report dated April 12, 2023 ("PSR"), ₱ 10, 187.

2

Defendant obtained a share of his investors' profits, for a total amount of proceeds obtained by the Defendant of at least $36,600,000 USD;[2]

WHEREAS, based on this evidence, and the Defendant's conviction, the United States is now entitled to an Order of Forfeiture (Money Judgment) against the Defendant in the amount of at least $36,600,000, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 1030(i), and 28 U.S.C. § 2461(c); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment," and Rule 32.2(b)(4)(A), based upon the evidence presented at trial and the Defendant's conviction, provides that this Order becomes final upon entry.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $36,600,000, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 1030(i), and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate or

---

[2] The Defendant obtained up to 60 percent of the profit from the profits of his three investors. *See* Trial Exs. 55A, 56A, and 57A; *see also* PSR ¶¶ 15, 19, 44.

dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

 

_____
PATTI B. SARIS
United States District Judge

Date: