UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 21-10104-PBS |
| | ) |
| VLADISLAV KLYUSHIN, | ) |
|     a/k/a "Vladislav Kliushin," | ) |
|     Defendant. | ) |

**PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF ORDER OF FORFEITURE (MONEY JUDGMENT)**

**SARIS, D.J.**

WHEREAS, on April 4, 2021, a federal grand jury sitting in the District of Massachusetts returned a four count Indictment, charging defendant Vladislav Klyushin, a/k/a "Vladislav Kliushin" (the "Defendant"), and others, with Conspiracy to Obtain Unauthorized Access to Computers, and to Commit Wire Fraud and Securities Fraud, in violation of 18 U.S.C. § 371 (Count One); Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); Unauthorized Access to Computers; Aiding and Abetting, in violation of 18 U.S.C. §§ 1030(a)(4) and 2 (Count Three); and Securities Fraud; Aiding and Abetting, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5; 18 U.S.C. § 2 (Count Four);

WHEREAS, the Indictment included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses charged in Counts One, Two, and Four of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses;

WHEREAS, the Indictment also included a Computer Intrusion Forfeiture Allegation, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), which provided notice that the United States

would seek forfeiture, upon conviction of the Defendant of one or more of the offenses set forth in Counts One and Three of the Indictment, of any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses; and, any personal property used, or intended to be used, to commit, or to facilitate the commission of, such offenses, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses;

WHEREAS, the Indictment's forfeiture allegations also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), each incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described above;

WHEREAS, on February 14, 2023, after a twelve-day jury trial, a jury found the defendant guilty on each of the four counts of the Indictment;

WHEREAS, based on the evidence and testimony presented at trial, the Defendant personally obtained $20,902,031 USD in total profit from the trading offenses; his company, M13,[1] obtained $1,880,502 USD in total profit from the trading offenses (*see id*.), and the

---

[1] The Defendant stated, under oath, at his initial appearance that he is the owner of M13.  *See* Transcript Excerpt of December 20, 2021 Initial Appearance at p. 15; *see also* Presentence Investigation Report dated April 12, 2023 ("PSR"), ¶ 10, 187.

2

Defendant obtained a share of his investors' profits, for a total amount of proceeds obtained by the Defendant of at least $36,600,000 USD;[2]

WHEREAS, based on this evidence, and the Defendant's conviction, the United States is now entitled to an Order of Forfeiture (Money Judgment) against the Defendant in the amount of at least $36,600,000, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 1030(i), and 28 U.S.C. § 2461(c);

WHEREAS, in addition, the United States has identified the following assets, which are controlled by the Defendant and are currently restrained in the Republic of Cyprus, in connection with the instant case, which the United States intends on forfeiting from the Defendant as substitute assets in partial satisfaction of the Order of Forfeiture (Money Judgment):

　a.　Account Numbers USAM586, USAM919, and USAM923, held in the name of Vladislav Klyushin at Otkritie Broker, Ltd. in the Republic of Cyprus; and

　b.　Account Number USAM927, held in the name of M-13 at Otkritie Broker, Ltd. in the Republic of Cyprus

(collectively, the "Cyprus Accounts");[3]

WHEREAS, in light of the evidence and testimony presented at trial and the Defendant's conviction, the issuance of the $36,600,000 Order of Forfeiture (Money Judgment) against the Defendant, and pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United

---

[2] The Defendant obtained up to 60 percent of the profit from the profits of his three investors. *See* Trial Exs. 55A, 56A, and 57A; *see also* PSR ¶¶ 15, 19, 44.

[3] Upon entry of final orders of forfeiture, liquidation, and transfer to the United States, the United States will credit the funds forfeited from the Cyprus Accounts to the Defendant's forfeiture money judgment amount.

States is now entitled to the forfeiture of the Cyprus Accounts as substitute assets in partial satisfaction of the outstanding forfeiture money judgment issued against the Defendant;

WHEREAS, the United States believes that the assets in the Cyprus Accounts have a value that is significantly less than the $36,600,000 forfeiture money judgment amount the United States is requesting; and

WHEREAS, pursuant to 21 U.S.C. § 853(p), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is entitled to a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) against the Cyprus Accounts.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Pursuant to the Court's Order of Forfeiture (Money Judgment), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court finds that all of the Defendant's interests in the Cyprus Accounts are hereby forfeited to the United States of America for disposition, pursuant to 21 U.S.C. § 853(p), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2).

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Cyprus Accounts and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), the United States shall publish, for thirty (30) consecutive

calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and notice of the United States' intent to dispose of the Cyprus Accounts.

5. Pursuant to 21 U.S.C. § 853(n)(1), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Cyprus Accounts to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Cyprus Accounts shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Cyprus Accounts; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Cyprus Accounts, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Cyprus Accounts, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period

provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Cyprus Accounts.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), pursuant to 21 U.S.C. § 853(p), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated: _____

PATTI B. SARIS
United States District Judge